Robert Wayne GRAY *v.* ARMOUR
AND COMPANY

CA 79-281                                598 S.W. 2d 434

Court of Appeals of Arkansas
Opinion delivered April 16, 1980
Released for publication May 14, 1980

*Rose, Kinsey & Cromwell,* for appellant.

*Pryor, Robinson, Taylor & Barry,* for appellee.

MARIAN F. PENIX, Judge. This is a Workers' Compensation case which concerns the interpretation of Ark. Stat. Ann. § 81-1310(f).

On August 5, 1976 the claimant suffered a compensable injury in the course of his employment with Armour and Company. The Workers' Compensation Commission held the claimant was temporarily and totally disabled from August 6, 1976 through July 2, 1977, on which date the healing period ended. It also found the claimant to have sustained permanent partial disability to the body as a whole in an amount equal to at least 20%. The Workers' Compensation Commission approved the joint plan for rehabilitation and held that the final determination of the total amount should not be made until after completion, or termination, of the program of vocational rehabilitation. The Workers' Compensation Commission directed Respondent to pay for costs of rehabilitation together with any additional travel and maintenance expenses incidental to and incurred in conjunction with or because of claimant's participation in the program of rehabilitation. The Workers' Compensation Commission directed the Respondent to pay special temporary total disability benefits to the Claimant at the rate of $77.00 per week while he is enrolled in and successfully pursuing the approved program of rehabilitation. The Claimant appealed from the Commission's opinion to the Circuit Court which affirmed the Commission. The Claimant appeals.

It is the contention of the claimant the Commission and the Circuit Court erred in construing and interpreting Ark. Stat. Ann. § 81-1310(f) which reads as follows:

> *Rehabilitation.* An employee who is entitled to receive compensation benefits for permanent disability shall be paid in addition to benefits otherwise provided

for by this Act, reasonable expense of travel and maintenance and other necessary costs of a program of vocational rehabilitation for a period not to exceed sixty (60) weeks if the Commission finds that such program is reasonable in relation to the disabilities sustained by such employee. A request for such program must be filed with the Commission prior to a determination of the amount of permanent disability benefits payable to such employee.

The claimant reasons "maintenance" as used in § 81-1310(f) includes the upkeep of the claimant's home during the period of rehabilitation and an amount necessary to provide for all the claimant's household and living expenses, as well as those of his family. He contends that no permanent partial disability benefits should be paid while he is engaged in a program of vocational rehabilitation and that during that period of time the maintenance benefits awarded should pay, not just the additional cost, if any, to maintain him in his participation in a program of vocational rehabilitation, but also pay all other household and living expenses of both claimant and his family during the rehabilitation program.

Neither the Arkansas Supreme Court, nor this Court, nor the Workers' Compensation Commission has defined the term "maintenance" nor defined what should be included in "other necessary costs".

The Workers' Compensation Commission award directs the Respondent to "pay for the cost of the program of rehabilitation as jointly submitted by the parties and hereinabove approved by the Commission, together with any additional travel and maintenance expenses (as defined herein) incidental to and incurred in conjunction with or because of claimant's participating in the program of rehabilitation."

The Commission opinion defines maintenance as follows:

Reasonable maintenance means all (reasonable) additional living expenses incurred by the claimant as a

result of pursuing his program of rehabilitation. (E.G., the additional cost of room and board if it is necessary for the claimant to reside away from home during his program of vocational rehabilitation. Also, the entire cost of any and all other additional maintenance expenses that he incurs as a result of his program such as special or additional clothing, etc.)

In 2 Larson's Workmen's Compensation Law, § 61-20 Professor Larson in emphasizing the extreme importance of rehabilitation lists twenty-six states which include a maintenance allowance in their rehabilitation statute. He believes the maintenance feature to be one of the most important aspects of a successful rehabilitation statute. He lauds the statute of Wisconsin as one of the most fully developed. Wisc. Stat. Ann. § 102.61 provides:

An employee who is entitled to receive and has received compensation pursuant to this chapter . . . shall, in addition to his other indemnity, be paid his actual and necessary expenses of travel and, *if he receives such instructions elsewhere than at the place of his residence,* his actual and necessary costs of maintenance, during rehabilitation, . . .

While the language of the Arkansas statute is different from that above, we believe the legislature intended the same interpretation. The design and intent of the statute are not to fully maintain claimant's household during his participation in a rehabilitation program.

We need not discuss the propriety of the award of "special temporary total disability benefits". No cross-appeal was filed in this case. The respondent has not challenged the reasonableness of the $77 per week award. Therefore, it must stand. The reasonableness of the Commission's finding dealing with maintenance and its application to this claimant's case has not been challenged by the respondent.

We affirm the Commission's finding regarding its interpretation of maintenance.

Affirmed.

HOWARD, J., concurs.

GEORGE HOWARD, JR., Judge, concurring. The Workers' Compensation Commission is endowed with the responsibility to administer and implement the State's policy in industrial injuries and possesses the expertise to determine what is reasonable and proper in a retraining program. Unless the action of the Commission is arbitrary and not supported by substantial evidence, an appellate court has the duty to affirm the action of the fact finding agency.

*See:* Dissenting opinion in *Model Laundry & Dry Cleaning, et al* v. *Gary D. Simmons,* 268 Ark. 770, 596 S.W. 2d 337 (Ark. App. 1980).