Judy RYAN *v.* NAPA, GENUINE PARTS COMPANY, Employer and SENTRY INSURANCE COMPANY, Insurance Carrier

CA 79-306 598 S.W. 2d 443

Court of Appeals of Arkansas
Opinion delivered April 23, 1980
Released for publication May 14, 1980

*Dewey Moore,* for appellant.

*Bethell, Callaway & Robertson,* by: *Donald P. Callaway,* for appellees.

JAMES H. PILKINTON, Judge. This is a second appeal in this workers' compensation case. On August 22, 1979, in *Ryan* v. *NAPA,* 266 Ark. 802, 586 S.W. 2d 6 (Ark. App. 1979), this court affirmed an Arkansas Workers' Compensation Commission finding that Judy Ryan, the claimant, was a part-time employee whose average weekly wage, including overtime, was $72.00. She was found to be entitled to compensation benefits of $48.00 per week. The Commission had also found that the claimant was a tentative candidate for vocational rehabilitation and that the propriety of vocational rehabilitation should be pursued under Ark. Stat. Ann. § 81-1310(f).

While the previous appeal was pending, a hearing was held on August 25, 1978, to determine an appropriate

program of vocational rehabilitation. The claimant proposed that she be allowed to take a twelve-month executive secretarial course. The Commission found that a nine-month general secretarial course constituted an appropriate program of vocational rehabilitation for Mrs. Ryan. On appeal she argues that the Commission should have approved the more extensive course which she requested.

The record shows that Dr. Douglas A. Stevens, a clinical psychologist who talked to the claimant, recommended vocational rehabilitation, but referred her to Southern Rehabilitation Service, Inc., for assistance in this matter since rehabilitation was within that organization's field of expertise. Mr. Donald Frazier of Southern Rehabilitation Service investigated secretarial training and concluded that the twelve-month *executive* secretarial course, which actually ran for 11-½ months, was not appropriate. Mr. Frazier testified at the hearing held to determine which of the two secretarial courses should be provided. He said that the 11-½ month executive secretarial course included some extra subjects dealing with human relations, management and labor relations, and some more extensive accounting. Mr. Frazier's testimony and other evidence show that both courses taught typing, bookkeeping, shorthand and business machine operation. Based on the evidence here, we cannot say there is a lack of substantial evidence to support the Commission's findings that the nine-month secretarial course was appropriate and reasonable for this claimant. We hold that the program of vocational rehabilitation for claimant, approved by the Commission, is supported by substantial evidence.

Appellant also argues that the Commission erred in not awarding maintenance benefits of $550.00 per month, plus reasonable travel expenses during the term of the appellant's rehabilitation program.

In *Owens Country Sausage* v. *Crane,* 268 Ark. 732, 594 S.W. 2d 872 (Ark. App. 1980), we held that an award of the cost for a rehabilitation program must be reasonable. In so doing, we rejected a suggestion of the appellant in that case that a claimant should not be allowed an award of benefits for permanent disability and a rehabilitation as well. In *Owens* we called attention to the language of Ark. Stat. Ann. § 81-1310(f) [Repl. 1976], which says rehabilitation benefits are to be in addition to

other benefits provided by the act. This is what the statute says, and the case law to that effect is now well settled.

In *Owens* we also held that Ark. Stat. Ann. § 81-1310 permits an award of the cost of a rehabilitation program which is "reasonable in relation to the disabilities sustained by [the] employee."

In the case before us, the Commission awarded maintenance of $48.00 per week and found that sum to be reasonable in relation to the disability sustained by this claimant. It must be remembered that claimant was a part-time employee, and that her temporary total disability rate was also $48.00 a week. The Capitol City Business College secretarial courses are taught four hours a day, in the mornings only, four days a week, and this was the schedule for the course which the Commission approved. The allowance for maintenance was, of course, in addition to travel expense, tuition and other costs incidental to the program of vocational rehabilitation. The additional items were paid and are not in dispute.

Appellant claims the record reveals that she would need at least $550.00 per month to assist her husband in maintaining the household during the term of her rehabilitation. Appellant argues it is common knowledge that she would need at least the amount requested to sustain herself and help support her family during the period of rehabilitation considering the current costs of goods and services.

Appellees-Respondents agreed to the sum of $48.00 per week as fixed by the Commission; otherwise, there might be a serious question whether the evidence is substantial enough to even sustain that award. To say the least, appellant's evidence is certainly not sufficient to justify her total maintenance claim. She demanded $550.00 per month to sustain her personal and family needs during rehabilitation. Under our holdings in *Model Laundry & Dry Cleaning* v. *Simmons*, 268 Ark. 770, 596 S.W. 2d 337 (Ark. App. 1980), and

*Gray* v. *Armour,* 268 Ark. 1072, 598 S.W.2d 434 (Ark. App. 1980), appellant's demands for total family expenses cannot be entertained.

The opinion by the Commission in *Gray* v. *Armour and Company, supra,* which is being affirmed today, makes it clear where the claimant, as here, is entitled to permanent partial disability benefits, the payment of permanent partial disability must be suspended during vocational rehabilitation training, so that "there should be no credit allowed the respondents against the award of permanent disability when paying maintenance under the rehabilitation provision." Thus, upon completion of the vocational rehabilitation training, it becomes the responsibility of the employer to resume and pay out the employee's permanent partial disability entitlement. This procedure would seem to satisfy the requirements of the act, and our prior holding in *Owens Country Sausage* v. *Crane, supra.* In some cases, however, final determination of the amount of permanent disability benefits cannot be accurately made until the results of vocational rehabilitation training are known. But in any event, all rehabilitation benefits are to be in addition to other compensation benefits provided by the act. *Owens Country Sausage* v. *Crane, supra.*

The record here shows that appellant was not required to live away from home in order to take her vocational rehabilitation training. The course was taught within fifteen miles of where she lived. As far as this record reveals, her expenses were in no way unusual or extraordinary in the sense of involving extra expenses related to vocational rehabilitation above and beyond normal living expenses. Maintenance benefits under our act are not paid on the basis of an individual's claim of need for general family living expenses. *Gray* v. *Armour and Company, supra.*

A worker undergoing vocational rehabilitation is also entitled to receive reasonable travel or mileage expense. In the case at bar appellant claims that the Commission's award pertaining to travel is not supported by substantial evidence. We do not agree. Since appellant did not own a car in which to travel to and from her approved secretarial program, the

appellees were ordered to provide her suitable transportation to and from her approved program of rehabilitation, provided such travel expenses should not exceed round trip taxi fare for the days she is required to attend the program activities. Appellant contends the Commission should have allowed her at least fifteen cents per mile for transportation expense. Based on the record, we cannot say there is a lack of evidence to support the Commission's determination of reasonable travel expenses in this case.

The opinion of the Commission is affirmed in all respects.

HOWARD, J., concurs.

GEORGE HOWARD, JR., Judge, concurring. *See:* Concurring opinion in *Gray* v. *Armour,* 268 Ark. 1072, 598 S.W. 2d 434 (Ark. App. 1980).

*See Also:* Dissenting opinion in *Model Laundry & Dry Cleaning, et al* v. *Gary D. Simmons,* 268 Ark. 770, 596 S.W. 2d 337 (Ark. App. 1980).