OWENS COUNTRY SAUSAGE and
EMPLOYERS' CASUALTY COMPANY *v.*
Gary CRANE

CA 79-294                            594 S.W. 2d 872
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Released for publication March 19, 1980

*William L. Peek, Jr.,* of *Hubbard, Patton, Peek, Haltom &
Roberts,* for appellants.

*Southern & James,* by: *Byron S. Southern,* for appellee.

DAVID NEWBERN, Judge. This workers' compensation appeal presents two main questions. The first is whether there is substantial evidence to support the commission's finding that an award of the costs of a rehabilitation program are reasonable. We hold there was. Secondly, we must decide whether a claimant who appeals an administrative law judge's decision to the commission and who loses on his appeal but wins on the cross-appeal of the respondents should be regarded as having "prevailed" on appeal and be thus entitled to an attorney's fee as provided in Ark. Stat. Ann. § 81-1332 (Supp. 1979). We hold he should.

The appellant sustained a compensable injury while driving a delivery truck for the appellee, Owens Country Sausage. The administrative law judge found 5% anatomical impairment and awarded temporary total disability payments, and payments for partial disability and permanent disability to the body as a whole at 5%. The judge found that a finding of "overall permanent disability" would be premature, as the appellee was a rehabilitation candidate. The judge suggested at the end of his conclusions that without rehabilitation, the appellee might be entitled to an additional 5 to 10% permanent disability.

The appellee had been a part time professional pilot. As his rehabilitation program, he proposed he be allowed to take instruction leading to three additional pilot ratings which would improve his income prospects in that field. The administrative law judge's award as affirmed by the commission was that the appellants would be responsible for the cost of one such rating, *i.e.,* "Instrument Rating — Airplane" to be obtained at a Dallas, Texas, flight school.

In his appeal to the full commission, Mr. Crane urged he should be entitled to all of the rehabilitation program he had proposed, and that he was permanently disabled to the extent of 10% and that dates of his temporary total and temporary partial disability as found by the judge should be adjusted. The respondents appealed certain aspects of the award with respect to the temporary benefits, one of the medical

payments, the permanent disability finding and the rehabilitation award. The commission affirmed the award in its entirety, and in a supplemental opinion awarded the claimant's attorney a $100 fee for the appeal.

## 1. *Rehabilitation*

At the outset, we should dispose of the suggestion of the appellants that the appellee should not be allowed an award of benefits for permanent disability and a rehabilitation program as well. No authority is cited for that contention, and it is directly contrary to the language of Ark. Stat. Ann. § 81-1310(f) (Supp. 1979), which says rehabilitation benefits are to be in addition to other benefits provided by the Act.

The evidence showed the appellee was earning $275 per week at his job with Owens. Since the accident, and up to the time of the hearing, he had been earning an average of $135.30 per week as a pilot and flying instructor. Based on the testimony of the appellee's present employer, an instrument rating would permit the appellee to earn as much as he had been earning with Owens, or more.

Ark. Stat. Ann. § 81-1310 (f) permits an award of the costs of a rehabilitation program which is "reasonable in relation to the disabilities sustained by [the] employee." Given the commission's findings based on the evidence of the salary discrepancy and the prospect of improvement, we cannot say there is a lack of substantial evidence that this program is reasonable.

## II. *Attorney's Fee*

Ark. Stat. Ann. § 81-1332 says, in part:

> In addition to the fees herein provided, if the claimant prevails on appeal, the attorney for the claimant shall be entitled to an additional fee at the full Commission and appellate court levels, such additional fee to be paid by the employer or carrier, and such fee to be set by the Commission and/or appellate court. The maximum fees allowable hereunder shall be the sum of one hun-

dred dollars ($100) on appeals to the full Commission from a decision of an administrative law judge, and until July 1, 1979, the sum of two hundred and fifty dollars ($250.00) on appeals to the Arkansas Supreme Court from a decision of the Commission, and beginning July 1, 1979, the sum of two hundred and fifty dollars ($250.00) on appeals to the Arkansas Court of Appeals from a decision of the Commission. In determining the amount of fees, the Court shall take into consideration the nature, length, and complexity of the services performed, and the benefits resulting therefrom to the compensation beneficiary.

The appellants' contention is that, as neither party "prevailed" on appeal to the commission, it should not have awarded the maximum $100 attorney's fee to the appellee. It could just as well be said that both parties prevailed before the commission, as the appellee won on the cross-appeal and the appellants won on the direct appeal.

We choose to characterize this case as one where the claimant prevailed, as workers' compensation statutes should be interpreted liberally in favor of the claimant. *Aluminum Co. of America* v. *Henning,* 260 Ark. 699, 543 S.W. 2d 480 (1976); *Mohawk Rubber Co.* v. *Buford,* 259 Ark. 614, 535 S.W. 2d 819 (1976).

We note the commission did not bother to justify the $100 award in its supplemental opinion. Rather than send the case back for justification, we have looked into the record and found evidence that the appellee's attorney's efforts warranted the fee. We do not propose to do that in every case, however, and we suggest the commission heed Chief Justice Harris' admonition in *Aluminum Co. of America* v. *Wilson,* 262 Ark. 602, 559 S.W. 2d 710 (1978), that "the commission should set out the basis for any allowance made." (262 Ark. at 609)

In view of the brief filed on this appeal, an additional fee of $200 is allowed to the appellee's attorney.

Affirmed.