ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPARTMENT *v.* Billy Paul GODWIN, Deceased

CA 80-281                                    606 S.W. 2d 127

Court of Appeals of Arkansas
Opinion delivered October 15, 1980

*Robert L. Wilson*, for appellant.

*Jones, Gilbreath & Jones*, by: *Kendall B. Jones*, for appellee.

MARIAN F. PENIX, Judge. This case involves a determination of when the assessment of the twenty percent penalty for failure to pay an award may be imposed.

Billy Paul Godwin, deceased, was employed as a weight inspector by the Arkansas State Highway and Transportation Department. His duties required him to weigh trucks, collect taxes, issue permits, and check the registration of trucks. On July 29, 1977, the decedent noticed a truck turning around on the median near the station. The decedent got into his vehicle and pursued the truck. Upon stopping the truck, the decedent became ill and fell to the ground. He was taken to the Crawford County Hospital where he was pronounced dead on arrival.

Subsequently, Shirley Godwin filed a claim with the Arkansas Workers' Compensation Commission seeking benefits for herself and two minor children. The respondent controverted the claim in its entirety. A hearing was held before an Administrative Law Judge on May 17, 1978 to determine compensability. The Administrative Law Judge decided the deceased had sustained an injury arising out of and in the course of his employment. The respondent appealed to the Full Commission. By an opinion dated March 23, 1979, the Full Commission upheld the decision of the Administrative Law Judge and awarded benefits to the claimant. No appeal was taken from this decision. Claimant received her first payment from the respondent on April 28, 1979 some 36 days after the Full Commission's decision was rendered.

Claimant petitioned the Commission for a twenty per cent penalty for benefits accrued because the respondent had not made a payment within fifteen days of the award. At a hearing held on July 18, 1979 the Administrative Law Judge

imposed the twenty percent penalty on the respondent for failure to make a timely payment. On appeal, the Full Commission adopted the Administrative Law Judge's opinion. Respondent appeals.

Ark. Stat. Ann. § 81-1319(f) states:

> Failure to pay award. If any instalment, payable under the terms of an award, is not paid within fifteen (15) days after it becomes due there shall be added to such unpaid instalment an amount equal to twenty (20) percentum thereof, which shall be paid at the same time as, but in addition to, such instalment unless review of the compensation order making such award is had as provided in section 25 [§ 81-1325].

The respondent argues to this Court, as it did to the Commission, the benefits do not become due until the order is final. The fifteen days within which the benefits must be paid does not begin to run until the order is final. The respondent contends the order did not become final until thirty days after the Full Commission's opinion. In all, forty-five days are allowed to pay the award. Thus, the fifteen day period in which to pay the award had not elapsed when the claimant received her first instalment. In fact, there were nine days remaining. Cited as authority for this argument is Ark. Stat. Ann. § 81-1325(b) which reads:

> A full compensation order or award of the Full Commission *shall* become final *unless* either party to the dispute shall, within thirty (30) days from the receipt by him of the order or award, petition in writing for an appeal to the Circuit Court in the county in which the accident occurred. . . . [Emphasis Supplied].

The fallacy of respondent's argument is in the fact that it, as a state agency, was prohibited by statute from appealing the decision of the Full Commission.

> From the effective date of this Act (March 19, 1963), the Workman's Compensation Commission shall have exclusive jurisdiction, as herein limited, of all claims

against the State of Arkansas and its several agencies, departments, and institutions, for personal injuries and deaths of employees and officers of the State of Arkansas and its agencies, departments and institutions, arising out of and in the course of employment or service, and occurring on or after the effective date of this act (March 19, 1963).

Awards for such injuries and deaths shall be made by the Workman's Compensation Commission in the same amounts and on the same terms and conditions as if such injuries and deaths had arisen out of and in the course of private employment covered by the Workman's Compensation Act (§ 81-1301 — 1349), and a procedure to be followed in the presentation, hearing and determination of such claims shall in all respects be the same as in claims for compensation for injuries and deaths arising out of and in the course of private employment covered by the Workman's Compensation Act, *except* that the action taken by the Workman's Compensation Commission with respect to the allowance or disallowance of any claim, in whole or in part, shall be final and binding upon all parties thereto, and shall not be subject to judicial review . . . Ark. Stat. Ann. § 13-1407 [Emphasis Supplied].

This respondent could not appeal the determination of the Full Commission. Ark. Stat. Ann. § 81-1325(b) does not state the award becomes final only after thirty days, but rather that it shall become final *unless* some action is taken by either or both parties to the dispute to prevent the order from becoming final. By law, the parties to this dispute were not able to take the action required to prevent the order from becoming final upon receipt.[1] Hence, the respondent had fifteen days within which to pay the first instalment.

Finding there to be an untimely payment of an instal-

---

[1] Ark. Stat. Ann. § 13-1407 was amended to delete the words: "except that the action taken by the Workmen's Compensation Commission with respect to the allowance or dis-allowance of any claim, in whole or in part, shall be final and binding upon all parties thereto, and shall not be subject to judicial review . . ." This amendment became effective July 1, 1979. The prior version, however, governs the facts in this case.

ment, the twenty percent penalty must be imposed. The imposition of Ark. Stat. Ann. § 81-1319(f) is mandatory. Hence, the penalty is imposed on all benefits awarded by the Workers' Compensation Commission order of March 23, 1979.

Finding the Full Commission to be correct as a matter of law, we affirm.

Affirmed.

HAYS, J., dissents.

STEELE HAYS, Judge, dissenting. The effect of the majority opinion is that workers' compensation claimants in private employment must wait 45 days before the penalty provisions of Ark. Stat. Ann. § 81-1319(f) attaches, whereas claimants employed by the State of Arkansas must be paid within 15 days. While it is possible to arrive at this result by a literal reading of Ark. Stat. Ann. § 81-1325(b) and § 81-1319(f), both the letter and the spirit of Ark. Stat. Ann. § 13-1407, stand in opposition to such an interpretation. The latter statute provides that (with the exception of the right of appeal) the awards for injuries to State employees shall be "on the same terms and conditions" as private employment and, further, that the procedures shall *"in all respects"* be the same as in claims of private employment. This wording means the awards to public employees shall be paid at the same *time* as private employees and shall be *in all respects* identical, saving the right of appeal. I believe, therefore, that applying the penalty provision as has been done in this case is making a distinction between private claimants and public claimants that was never foreseen nor intended by the legislature.