WRIGHT, Presiding Judge,
dissenting.
I respectfully dissent.
Recognizing the general principles routinely quoted in workmen’s compensation, i.e., that the law is to be liberally construed in favor of the employee, and our review of the trial court’s judgment is limited by statute to finding whether there is any evidence to support it, I nevertheless consider the result of the judgment in this case to be so far beyond the purpose of the act as to be totally unreasonable.
It has been said that this aspect of the Alabama Workmen’s Compensation Act has not previously been before our appellate courts. That is true; however, most other states have similar provisions in their acts. However, in most states the law is better defined, such as that of Florida. Florida Statutes § 440.49(1). Without clear indication in our statute of the meaning and extent of the term vocational rehabilitation, one can only look to other states or to the field from which the term is derived.
The word “vocation” is defined in Black’s Law Dictionary, (5th ed. 1979), as “one’s regular calling or business_ The activity ... out of which he makes his living.” “Rehabilitation” is there defined as, “Restoring to a former capacity, reinstating; qualifying again.” In line with these definitions, the Arkansas appellate court says it means training to restore to former or prior wage level. Owens Country Sausage v. Crane, 268 Ark. 732, 594 S.W.2d 872 (1980). It was said in the case of Viking Sprinkler Co. v. Thomas, 413 So.2d 816 (Fla.App.1982), “If claimant has the ability to obtain and perform employment providing an income equal to his pre-injury earnings rehabilitation would be unnecessary.” In the case of Walker v. New Fern Restorium, 409 So.2d 1201-1203 (Fla.Dist.Ct.App.1982), the concern of the court was that the claimant be trained to return to her pre-injury, wage-earning capacity. The Florida statute explains rehabilitation as providing the injured employee with appropriate training and education for “suitable gainful employment." (Emphasis ours.) It then says, “For purposes of this section only, ‘suitable gainful employment’ means employment or self-employment which is reasonably attainable in light of the individual’s age, education, previous occupation, and injury and which offers an opportunity to restore the individual as soon as practical and as nearly as possible to his average weekly earnings at the time of injury.” Florida Statutes § 440-49(l)(a).
*408 Though not as definitive as Florida’s, the Alabama statute in similar terms refers to vocational rehabilitation which is reasonably calculated to restore the employee to gainful employment. § 25-5-77(c), Code of Alabama 1975. To. me, the word “restore,” as used in the statute, refers to a former ability or capacity as in the definition of rehabilitation I have previously set out. The entire principle of the Workmen’s Compensation Act, as shown by the compensation schedules, formulas for partial disabilities not scheduled, even compensation for death, is to remunerate for loss of earnings because of an injury. Therefore it can only reasonably follow that vocational rehabilitation is made available to restore lost earning capacity because of a disabling injury.
The law cannot be construed to apply to the extent that if a workman, earning $6.00 per hour as a laborer, suffers the partial loss of use of his hands or arms, his employer is required to provide him with a master’s degree in a science which will qualify him to earn several times more than he could have ever earned had he not been injured. That is not restoring; it is an outright gratuity. What are the limits? Why not a medical degree, or a Ph.D. in computer science. Such would surely cause him to be more employable and com-pensable.
I do not intend to contend that college training would not be required in some instances of rehabilitation after injury, but not in this case.
The majority’s response to my argument would be to say that there was undisputed evidence by experts that this education would rehabilitate the claimant and make him employable, therefore we must accept the trial court’s judgment under our standard of review. Such would be true unless it is determined that the law was unreasonably construed and applied to the evidence.
It is no answer to this case, and others that will quickly follow, that this requires a more definitive law. At best, the re-education should be limited to the undergraduate degree, which under the evidence would make claimant employable at a salary as much or more than his pre-injury earnings.
I further would find the trial court in error in providing the funds for an apartment for claimant to occupy, which he did not have before injury. Setting him up in separate housekeeping from what he had been previously enjoying is not rehabilitation. It is not necessary for him to be housed at the institution in order to attend the University of Alabama at Birmingham.
For these reasons I dissent.