TYSON FOODS, INC. *v.* Herman FATHERREE

CA 85-97                              696 S.W.2d 782

Court of Appeals of Arkansas
Division I
Opinion delivered October 2, 1985

*Bassett Law Firm*, by: *Wm. Robert Still, Jr.*, for appellant.

*Hubbard, Patton, Peek, Haltom & Roberts*, by: *J. David Crisp* and *A. Paul Miller*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Tyson Foods, Inc. brings this appeal contending that the Workers' Compensation Commission improperly determined the amount of attorney's fee to be awarded Herman Fatherree in these proceedings. The essential facts are largely undisputed. The appellee sustained a compensable injury to his back in November 1978. Appellant controverted all permanent disability in excess of 25% to the body as a whole. A final award was entered on September 4, 1981 finding him to be permanently and totally disabled and awarding the claimant's attorney a lump sum fee based on that portion of the benefits which had been controverted.

On March 2, 1983 the appellant unilaterally terminated payment of benefits and filed a motion to set the award aside as having been procured by fraud. After a hearing the administrative law judge ruled that the appellant had failed to show by a preponderance of the evidence that the award had been obtained by fraud, and assessed a 20% penalty on the installment of benefits accrued between the dates of termination and reinstatement pursuant to Ark. Stat. Ann. § 81-1319(f). It also allowed an attorney's fee calculated on the amount of benefits wrongfully withheld.

On appeal the full Commission affirmed the findings of the administrative law judge as to continued liability but determined that the attorney's fee should be calculated on all reinstated benefits. The appellant brings this appeal contending that the Commission erred by awarding the second maximum statutory attorney's fee which was calculated on some of the same controverted benefits as the first one. We find no error.

Ark. Stat. Ann. § 81-1332 (Repl. 1985) provides in pertinent part as follows:

> In all other cases, *whenever* the Commission finds that a claim has been controverted, in whole or in part, the

Commission shall direct that fees for legal services be paid by the employer or carrier in addition to compensation awarded, and such fees shall be allowed only on the amount of compensation controverted and awarded, . . . In any case where attorney's fees are allowed by the Commission, the limitations expressed in the first sentence herein shall apply. In determining the amount of fees, the Commission shall take into consideration the nature, length and complexity of the services performed, and the benefits resulting therefrom to the compensation beneficiaries.

In *Aluminum Company of America* v. *Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976) the court stated that the primary purpose of determining whether a claim is controverted is for the purpose of determining who is liable for the claimant's attorney's fees. It declared that making the employer liable for the attorney's fee serves a legitimate social purpose of discouraging oppressive delay, recognition of liability, deterring arbitrary or capricious denials of claims and assuring the ability of necessitous claimants to obtain adequate and competent legal representation. It further stated that if the fundamental purpose is to be achieved it must be considered that the real object is to place the burden of litigation expense upon the party who makes it necessary.

Appellant points out that § 81-1332 sets maximum fees which can be allowed by the Commission. It argues that as appellee's attorney had already been allowed the maximum fee provided, any additional sum should be in excess of that provided in the act. It is true that the holding of the Commission means that appellant will be required to pay attorney's fees calculated twice on some of the benefits awarded appellee. However, we agree with the Commission that these same benefits have been controverted and placed in jeopardy twice by appellant and appellee has been required to obtain the services of an attorney on both occasions. We find nothing in § 81-1332 indicating that there can be only one controversion for the purposes of that section. It specifically provides that *whenever* the Commission finds that the claim has been controverted it should allow attorney's fees on the controverted portion. The maximum fees provided in that section can only refer to each controversion. Certainly the legislature intended that a necessitous claimant have the ability to obtain

counsel in defense of an award as well as in the obtaining of it. Any other meaning ascribed to this section would defeat the stated purpose of the enactment.

■ This section provides that in determining the amount of fees the Commission shall take into consideration the nature, the length and complexity of the services performed and the benefits resulting therefrom to the compensation beneficiaries. Section 81-1331 provides that the fees allowed shall not exceed 30% of the first $1,000 awarded, 20% of the second $2,000 or 10% of all sums in excess of $3,000. The Commission determined that under the statute and *Norsworthy* v. *Georgia Pacific Corp.*, 249 Ark. 159, 458 S.W.2d 401 (1970) the reinstated award should be treated as additional compensation and computed at the rate of 10%. It further found that this voluminous record amply demonstrated the considerable amount of time, skill and effort devoted by the claimant's counsel. It further considered the results obtained for the claimant beneficiary in making its determination.

We cannot agree that the award of additional attorney's fees amounts to a penalty. The award of attorney's fee is not a penalty but an award of reasonable compensation for services necessarily rendered to compensation claimants based on consideration by the Commission of the various factors usually taken into consideration in determining reasonable attorney's fees. This is in keeping with the purpose of the act, not only to deter arbitrary and capricious denials, but to insure the ability of necessitous claimants to obtain adequate and competent legal representation.

We conclude that the Commission has followed the provisions of the section and that its determination that appellee's attorney was entitled to a maximum fee under the statute was based on a consideration of those criteria set out in the statute and ordinarily applicable in such cases.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.