HARVEST FOODS and St. Paul Fire and Marine Insurance Co. *v.* Alan WASHAM

CA 95-188                                           914 S.W.2d 776

Court of Appeals of Arkansas
Division II
Opinion delivered February 14, 1996
[Petition for Rehearing denied April 3, 1996.]

*Anderson & Kilpatrick*, by: *Joseph E. Kilpatrick, Jr.*, and *Frances E. Scroggins*, for appellants.

*The Whetstone Law Firm. P.A.*, by: *Robert H. Montgomery*, for appellee.

WENDELL L. GRIFFEN, Judge. Harvest Foods and St. Paul Fire and Marine Insurance Company, its workers' compensation

insurance carrier, have appealed the January 11, 1995, decision by the Workers' Compensation Commission that upheld an award of temporary total disability benefits to Alan Washam for the period beginning June 8, 1992, and continuing "to a date yet to be determined." Appellants argue that there is no substantial evidence to support a finding that appellee remained in his healing period after May 4, 1993, so as to be entitled to continued temporary total disability benefits. They also challenge the Commission's decision awarding Washam a second maximum attorney's fee for the temporary total benefits, as well as the decision to impose the twenty-percent penalty prescribed by Ark. Code Ann. §11-9-802(c) (Supp. 1995), because they failed to pay the temporary total disability benefits that the Commission originally awarded on April 2, 1993, when it affirmed and adopted the December 18, 1992, decision of the administrative law judge. After reviewing the evidence according to the substantial evidence standard that applies to workers' compensation appeals, we conclude that the Commission's decision concerning the appellee's entitlement to temporary total disability benefits is supported by substantial evidence. We also conclude that the Commission properly imposed the twenty-percent penalty prescribed by the statute, and that it made the correct decision in making a second award of maximum attorney's fees to the appellee when the appellants continued to challenge his entitlement to temporary total disability benefits that had been previously awarded. Therefore, we affirm.

This workers' compensation claim was initially controverted on the appellee's claim that he sustained a compensable injury on or about June 5, 1992, when he lifted a box of bleach while working as a warehouseman for the appellant employer, Harvest Foods. An administrative law judge heard evidence on the compensability allegation, and rendered a decision on December 18, 1992, in which appellee was awarded temporary total disability benefits for his compensable back injury from June 8, 1992, "to a date yet to be determined," plus the cost of reasonably necessary medical treatment and attorney's fees. Appellants appealed that award to the Full Commission, and the April 2, 1993, decision affirming and adopting the award rendered by the administrative law judge resulted. In their appeal to the Full Commission, appellants specifically challenged the award of temporary

total disability benefits from June 8, 1992, to a future date to be determined. Appellants neither appealed the Commission's April 2, 1993, decision awarding the benefits nor paid the benefits. Therefore, appellee obtained a second hearing on January 11, 1994, to address the unpaid benefits that were awarded plus the twenty-percent penalty prescribed by Ark. Code Ann. §11-9-802(c), medical benefits, and attorney's fees. The administrative law judge ruled that appellee remained in his healing period based on the testimony of Dr. F. Richard Jordan, the attending neurosurgeon, and imposed the twenty-percent penalty. Appellants appealed a second time to the Commission, arguing that appellee was not still in his healing period so as to be entitled to continued temporary total disability benefits. They also contend that they were not liable for the twenty-percent penalty because the original award of benefits to a date yet to be determined was not an award, and that appellee was not entitled to a second award of attorney's fees. The Commission rejected appellants' arguments on all fronts, and this appeal followed.

■ We first address appellants' argument that the Commission committed error by ruling that appellee has been temporarily totally disabled since June 8, 1992. This argument requires us to review the record to determine (a) whether there is substantial evidence to support the Commission's determination that appellee has not reached the end of his healing period as that term is defined at Ark. Code Ann. §11-9-102(13) (Supp. 1995), and, if so, then (b) whether there is substantial evidence to support the Commission's determination that appellee is totally incapacitated from earning wages on account of the compensable injury pursuant to the standard enunciated in *Arkansas State Highway and Transportation Department* v. *Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981). Our review is limited first to determining whether the Commission correctly decided this case within the meaning of the term "healing period," and then to determining whether there is substantial evidence to support the result reached by the Commission. It is established Arkansas law that on appellate review, the duty of our court is to review questions of law only. We may modify, reverse, remand for rehearing, or set aside the order or award of the Commission only upon the grounds stated at Ark. Code Ann. §11-9-711(b)(4) (1987), which states:

The court shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the order or award, upon any of the following grounds, and no other:

(A) That the commission acted without or in excess of its powers;

(B) That the order or award was procured by fraud;

(C) That the facts found by the commission do not support the order or award;

(D) That the order or award was not supported by substantial evidence of record.

Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wright* v. *ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether this Court might have reached a different result from that reached by the Commission, or whether the evidence would have supported a contrary finding. If reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Bradley* v. *Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995).

Arkansas Code Annotated §11-9-102(13) (Supp. 1995)[1] defines "healing period" as that period for healing of an injury resulting from an accident. In *Mad Butcher, Inc.* v. *Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982), our court observed that the healing period continues until the employee is as far restored as the permanent character of his injury will permit, and we added that, ". . .if the underlying condition causing the disability has become stable and if nothing . . . in the way of treatment will improve that condition, the healing period has ended. . . . The determination when the healing period has

---

[1] The definition remained the same when the Workers' Compensation law was amended in 1993, although the amendments resulted in re-numbering the provision defining "healing period" from Ark. Code Ann. §11-9-102(6) (1987) to Ark. Code Ann. §11-9-102(13) (Supp. 1995).

ended is a factual determination that is to be made by the Com-
mission. If that determination is supported by substantial evi-
dence, it must be affirmed on appeal." *Id.* at 4 Ark. App. 131-
132, citations omitted.

■ In this case, the appellee suffered a back injury that
his attending doctor diagnosed as spondylolysis (a fracture of the
pars interarticularis or bridging bone between the vertebrae),
and spondylolisthesis (defined as slippage in alignment of the
vertebrae which can occur when the pars interarticularis is frac-
tured). Dr. Jordan, the attending neurosurgeon, testified that
appellee needed a spinal fusion to correct the injury, but that he
would not be a suitable candidate for the surgery until he
stopped smoking. It is undisputed that appellee did not stop
smoking, and appellants emphasize this point in arguing that the
healing period had ended and appellee's condition had improved
as much as it was going to improve on or before May 4, 1993.
The Commission was certainly entitled to agree; yet, it was also
entitled to agree, based upon the evidence before it, that appel-
lee's condition would be improved by additional treatment. Spe-
cifically, the Commission received evidence that appellants
refused to provide recommended medical treatment and services
to appellee. Dr. Jordan indicated in his September 13, 1993,
report to counsel for appellee that approval to obtain a
polypropylene body jacket prior to surgery was still pending, and
it does not appear that appellants gave that approval despite Dr.
Jordan's uncontradicted opinion that appellee benefitted by
wearing a back brace that had been prescribed. In short, there
was evidence before the Commission to support the conclusion
that the appellee's back condition would benefit from further
treatment (back surgery and/or the body jacket) that appellants
refused to provide. The Commission concluded that this evidence
demonstrated that the appellee had not reached the end of his
healing period. Under our substantial evidence standard of
review, we find no error in that determination.

■ Appellants also argue that the Commission erred by
finding that the appellee remained entitled to temporary total
disability benefits from June 8, 1992, to a date yet to be deter-
mined. The Commission made this determination in its April 2,
1993, opinion. Appellants did not appeal that award within
thirty days as required by Ark. Code Ann. §11-9-711(b)(1),

which states that a Workers' Compensation Commission award shall become final unless appealed within thirty days from its receipt. We, therefore, do not review the challenge to the award of benefits from June 8, 1992, to a date yet to be determined because that decision by the Commission is res judicata. *See Tuberville v. International Paper Co.*, 18 Ark. App. 210, 711 S.W.2d 840 (1986).

■ Appellants challenge the twenty-percent penalty and award of a second attorney's fee for controversion, and assert that because they were unsure when and how to pay the temporary total disability benefits awarded to a "date to be determined," they cannot be deemed to have failed to pay the award. This argument is unpersuasive for several reasons. First, the Commission clearly awarded temporary total disability benefits to the appellee at the rate of $241.93 per week from June 8, 1992, to a date yet to be determined, and appellants were ordered to comply with the award made by· the administrative law judge which the Commission adopted and affirmed in its April 2, 1993, decision. Appellants took no appeal. There is nothing in the record to support appellants' argument that they did not understand the award when it was rendered or at any other time. The record is clear, however, that appellants have paid none of the temporary total disability benefits that were awarded more than two years ago. Arkansas Code Annotated §11-9-802 (c) provides for a twenty-percent penalty on disability installments unpaid more than fifteen days after becoming due. We have long held that failure to begin paying benefits within the statutory period gives rise to the twenty-percent penalty laid out in the statute. *Smith's Store v. Kirker*, 6 Ark. App. 222, 639 S.W.2d 751 (1982); *Ark. Hwy. And Transp. Dep't v. Godwin*, 270 Ark. 743 (Ark. App. 1980), 606 S.W.2d 127 (1980); *Mohawk Tire & Rubber Co. v. Brider*, 259 Ark. 728, 536 S.W.2d 126 (1976). Because appellants offer no proof that the payments were made, their argument against imposition of the penalty is without merit.

■ Indemnity benefits for temporary disability serve a vital purpose within the overall scheme of worker's compensation legislation by providing subsistence income to an injured worker who is incapacitated and healing from a compensable injury. Before the advent of workers' compensation, an injured worker

had to prove that an injury was caused by the employment and resulted from fault by the employer but through no fault of the worker, a co-worker, or third party. Also, the worker had to go without income in the meantime. By providing the injured worker with a reasonable percentage of the average weekly wage as an indemnity benefit during the time of temporary incapacity in compensable cases, the workers' compensation scheme worked to right a social wrong.

In this case, appellee had to litigate the compensability of the June 1992 injury before he was initially determined entitled to temporary total benefits in December 1992. He then litigated the case before the Full Commission which affirmed and adopted the original award in its April 2, 1993, decision, nearly ten months after the injury occurred. Appellants never appealed the award, but refused to pay it in flagrant violation of the statute. Moreover, they did not claim that the appellee had ended his healing period until he obtained the January 11, 1994, hearing before the law judge concerning the unpaid benefits. If any case warranted the statutory penalty imposed by the Commission, this one does.

■ The appellee was forced, in the second round of litigation, to again demonstrate to the Commission that he is entitled to temporary total disability benefits. A maxim of worker's compensation law is that when the Commission finds that a case has been controverted, in whole or in part, the Commission shall direct the payment of legal fees by the employer or carrier in addition to the compensation awarded. Arkansas Code Annotated §11-9-715 (b) (Supp. 1995), *Tyson Foods, Inc.* v. *Father-ree*, 16 Ark. App. 41, 696 S.W.2d 782 (1985). Direct proof of controversion is where the appellee must incur legal expenses to defend his disability benefits award on appeal. *See Aluminum Co. of America* v. *Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976); *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 43 Ark. App. 79, 861 S.W.2d 114, (1993). One of the purposes of the statute and case law is to put the economic burden of litigation on the party that makes litigation necessary by controverting the claim. *Prier Brass* v. *Weller*, 23 Ark. App. 193, 745 S.W.2d 647 (1988). In this second round of litigation, appellants seek relief from this court after refusing for months to pay the award that they refused to appeal on the merits.

■ The temporary total disability award was adopted by the Commission on April 2, 1993, and would have been payable no later than fifteen days after it had become final (thirty days from the date it was received). When the parties appeared before the Commission on January 11, 1995, twenty-one months later, appellants had not paid any part of the award. They apparently continue to refuse to pay any part of the award some thirty-two months after it was issued. The Commission had, therefore, ample justification for imposing the statutory penalty and attorney's fees where there was uncontradicted proof that the appellants had failed to make any payment for more than twenty-one months after it was rendered. Given the undisputed proof of nonpayment and the plain proof that the appellee has been forced to re-litigate his entitlement to temporary total disability benefits, imposition of the twenty-percent penalty for non-payment and the award of attorney's fees was not erroneous under any analysis.

Affirmed.

COOPER and STROUD, JJ., agree.