## AMERICAN STANDARD TRAVELERS INDEMNITY COMPANY *v.* Eddie POST

CA 01-1333

77 S.W.3d 554

### Court of Appeals of Arkansas
### Division I
### Opinion delivered June 19, 2002

[Petition for rehearing denied July 31, 2002.]

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *James A. Arnold, II*, for appellant.

*Rush, Rush & Cook*, by: *R. Gunner Delay*, for appellee.

TERRY CRABTREE, Judge. In this workers' compensation case, the Commission found that the appellee, Eddie Post, was entitled to a change of physician pursuant to Ark.

Code Ann. § 11-9-514(a)(3)(A)(iii) (Repl. 1996). On appeal, the appellant, American Standard Travelers Indemnity Company, asserts that the Commission's decision is not supported by substantial evidence as appellee did not satisfy the requirements of the statute allowing a change of physician. We affirm.

This court reviews decisions of the Arkansas Workers' Compensation Commission to see if they are supported by substantial evidence. *Smith v. County Market/Southeast Foods*, 73 Ark. App. 333, 44 S.W.3d 737 (2001). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). If reasonable minds could reach the result found by the Commission, we must affirm the decision. *Wal-Mart Stores, Inc. v. Brown*, 73 Ark. App. 174, 40 S.W.3d 835 (2001).

While working for Trane Company in March of 1996, appellee tore the rotator cuff in his left shoulder. His injury was accepted as compensable and benefits were paid to him. Initially, appellee was seen by Dr. Dudding, who referred appellee to an orthopedic surgeon, Dr. Heim. In April of 1996, Dr. Heim operated on appellee's shoulder. Dr. Heim performed a second surgery on appellee's shoulder in August of 1996. Dr. Heim last treated appellee in February of 2000. In a separate opinion, an Administrative Law Judge (ALJ) found that appellee was no longer entitled to continued medical treatment with Dr. Heim. The ALJ found that appellee should seek treatment for routine follow up with Dr. Keith Holder, who is associated with appellee's employer.

On March 30, 2001, the ALJ held a hearing wherein appellee petitioned for a change of physician from Dr. Holder to Dr. Paul Anderson, appellee's family doctor. The only evidence appellee presented was his own testimony. Appellee stated the following about Dr. Anderson:

> [He] has been my family doctor for twenty to twenty-five years. I've used him for everything from surgery on my leg to — I've had a bad problem with gout throughout my life and he's treated

me for that. Basically everything, you know, everything a family doctor would do, and he's — you know, I've got all the confidence in the world in him because he's always done a great job for me.

Arkansas Code Annotated section 11-9-514(a)(3)(A)(iii) sets forth the following requirements for a claimant to obtain a change of physician:

> Where the employer does not have a contract with a managed care organization certified by the commission, the claimant employee, however, shall be allowed to change physicians by petitioning the commission one (1) time only for a change of physician, to a physician who must either be associated with any managed care entity certified by the commission or be the regular treating physician of the employee who maintains the employee's medical records and with whom the employee has a bona fide doctor-patient relationship demonstrated by a history of regular treatment prior to the onset of the compensable injury, but only if the primary care physician agrees to refer the employee to a physician associated with any managed care entity certified by the commission for any specialized treatment, including physical therapy, and only if such primary care physician agrees to comply with all the rules, terms, and conditions regarding services performed by any managed care entity certified by the commission.

In construing these requirements in subsection 514(a)(3)(A)(iii), we recognize that the basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998). Arkansas Code Annotated section 11-9-704(c)(3) (Repl. 1996) states that we are to construe the workers' compensation statutes strictly. Strict construction requires that nothing be taken as intended that is not clearly expressed. *Edens v. Superior Marble & Glass*, 346 Ark. 487, 58 S.W.3d 369 (2001). The doctrine of strict construction is to use the plain meaning of the language employed. *Wheeler Const. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). Where the language of a statute is unambiguous, we determine

legislative intent from the ordinary meaning of the language used. *Leathers v. Cotton*, 332 Ark. 49, 52, 961 S.W.2d 32, 34 (1998). In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible. *Locke v. Cook*, 245 Ark. 787, 434 S.W.2d 598 (1968).

We will not substitute our judgment for that of an administrative agency unless the decision of the agency is arbitrary, capricious, or characterized by an abuse of discretion. *Kildow, supra.* To reverse an agency's decision because it is arbitrary and capricious, it must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Social Work Licensing Bd. v. Moncebaiz*, 332 Ark. 67, 71, 962 S.W.2d 797, 799 (1998). Although an agency's interpretation is highly persuasive, where the statute is not ambiguous, we will not interpret it to mean anything other than what it says. *Id.*

The language of Arkansas Code Annotated section 11-9-514(a)(3)(A)(iii) is plain and unambiguous. Appellee's testimony was sufficient to establish that Dr. Anderson was appellee's regular treating physician who maintained his medical records and with whom appellee had a bona fide doctor-patient relationship demonstrated by a history of regular treatment prior to the onset of appellee's rotator cuff tear. We recognize that appellee failed to present any proof that Dr. Anderson agreed to refer appellee to a physician "associated with any managed care entity certified by the commission for any specialized treatment, including physical therapy." Nor did appellee offer any evidence that Dr. Anderson agreed "to comply with all the rules, terms, and conditions regarding services performed by any managed care entity certified by the commission." However, the statute does not mandate that the physician agree to comply with these terms before the Commission can grant a claimant's petition to a change of physician. In this case, the Commission explicitly granted appellee's petition based upon the condition that Dr. Anderson later agree to comply

with the terms of the statute. We find this to be sufficient to meet the requirements of the statute.

Affirmed.

STROUD, C.J., and BIRD, J., agree.