Joseph TEASLEY *v.* HERMANN COMPANIES, INC., AIG Claim Services, Inc., and Commerce & Industry Insurance Company

CA04-439 211 S.W.3d 40

Court of Appeals of Arkansas
Opinion delivered June 22, 2005

*John Barttelt*, for appellant.

SAM BIRD, Judge. This one-brief appeal arises from a decision of the Workers' Compensation Commission denying

appellant and appellees' joint motion that the Commission approve a twenty-five percent attorney's fee to be paid by appellant's medical service providers on the total amount of his medical bills. Appellant, Joseph Teasley, contends that the Commission erred as a matter of law in finding that his attorney was not entitled to attorney's fees based upon the value of medical services provided to appellant. The case is one of first impression and requires statutory interpretation of Ark. Code Ann. § 11-9-715(a)(4) (Repl. 2002). We hold that the Commission's interpretation of the statute is correct, and we affirm its decision to deny appellant's request for an attorney's fee.

The facts of this case were not disputed in the proceedings that gave rise to this appeal. Joseph Teasley sustained a severe injury to his right hand on the morning of June 10, 2002, while working for the Hermann Companies.[1] He was taken first to Arkansas Methodist Hospital in Paragould, Arkansas, but was then air-lifted to receive out-of-state emergency care at Jewish Hospital in Louisville, Kentucky, where three of his five amputated fingers were surgically reattached in alternative positions that evening. He remained hospitalized until July 19, 2002. Appellees controverted his claim for workers' compensation benefits upon learning that his drug test was positive for marijuana metabolites, but they accepted liability immediately before a pre-hearing telephone conference on January 22, 2003.

On January 9, 2003, appellant's attorney filed a notice of attorney's lien that asserted a lien for attorney's fees and provided notification to the Commission and medical providers, pursuant to Ark. Code Ann. § 11-9-715, of his intent to charge attorney's fees for collection of all medical bills related to appellant's injury. The statute, subsequently interpreted by the Commission and now at issue on appeal, reads in pertinent part:

(a)(1)(A) Fees for legal services rendered in respect of a claim shall not be valid unless approved by the Workers' Compensation Commission.

---

[1] The notice of appeal shows Hermann Companies, Inc., as the employer/respondent. The Commission's order shows the employer/respondent as Hermann Companies. The law judge's order, which was adopted by the Commission, identifies the employer/respondent as Hermann Companies, Inc./Anchor Packaging. The brief before us names Anchor Packaging as employer/appellee.

(B) Attorney's fees shall be twenty-five percent (25%) of compensation for indemnity benefits payable to the injured employee or dependents of a deceased employee. Attorney's fees shall not be awarded on medical benefits or services except as provided in subdivision (a)(4) of this section.

. . . .

(4) *Medical providers may voluntarily contract with the attorney for the claimant to recover disputed bills, and the attorney may charge a reasonable fee to the medical provider as a cost of collection.*

Ark. Code Ann. § 11-9-715(a) (Repl. 2002) (emphasis added).

In a motion for hearing filed on January 27, 2003, appellant requested that the Commission approve a twenty-five percent attorney's fee on the total of medical bills to be paid. The motion asserted that $133,224.87 in medical bills had been identified and that another $3,000.00 to $5,000.00 yet remained to be identified. On February 3, 2003, appellees filed a response to the motion, asserting that "claimant is not entitled to an award of attorney's fees under Ark. Code Ann. § 11-9-715 (Repl. 2002) and the lien filed in this case." Jewish Hospital filed a letter on February 28, 2003, stating that it had no contract with appellant's attorney and objecting to appellant's filing the lien and to payment of an attorney's fee under it.

Despite their initial opposition to an award of attorney's fees, appellees subsequently joined appellant in submitting to the administrative law judge a joint stipulation of facts and a joint brief in which they agreed that appellant's attorney was entitled to his requested fees pursuant to the statute. In an opinion dated July 14, 2003, the law judge found that the parties' agreed statement of law was inconsistent with the clear and unambiguous language of the statute.

### The Commission's Decision

The law judge's opinion, affirmed and adopted by the Commission in its decision of January 23, 2004, included the following discussion:

The sole issue presented for determination by the parties was whether the Workers' Compensation Commission had authority to

award an attorney's fee on medical benefits under our law as amended by Act 1281 of 2001. It is my opinion that the Commission has the "authority" to approve and award a reasonable fee, but only if the medical providers have voluntarily contracted with the attorney for the claimant to recover disputed bills. Therefore, the real issue is whether the claimant's attorney is entitled to a fee on medical benefits in the instant case. Because no contract exists between the medical providers and claimant's attorney, it is herein concluded that he is not entitled to a fee as requested.

The Commission further found that attorney's fees on medical benefits are a matter of contract and that a claimant's attorney has no absolute right "to charge a reasonable fee to the medical provider as a cost of collection." Noting the shift in appellees' position on the issue of attorney's fees, the Commission also found that the parties could not create an obligation on a third party without its agreement.

The Commission set forth the history of the present legislation regarding attorney's fees in workers' compensation cases:

Since the creation of the Workers' Compensation Act in 1949, only the parties to the litigation have been responsible for attorney's fees. Prior to Act 290 of 1986, respondents were responsible for all controverted attorney's fees. The fee schedule did not change in 1986; however, claimants became responsible for one-half (½) of the fee out of benefits payable to them. The fees were only allowed on compensation controverted and awarded. Act 1015 of 2001 substantially increased the fee schedule for attorney's fees to twenty-five percent (25%) for indemnity benefits only. Again, claimants and respondents were equally responsible for claimants' attorney's fees. The amendment further provided that the fees only applied to indemnity benefits and that attorney's fees *shall* not be awarded on medical benefits except as provided by subdivision (a)(4).

(Citations omitted.)

The Commission recognized that a rational argument could be made that the 2001 amendment, increasing attorney's fees on indemnity benefits only but still providing claimants' attorneys an opportunity to contract with medical providers to recover disputed bills, was a compromise between labor and management. The Commission found that "medical providers may either voluntarily contract with the claimant's attorney or elect alternative means of collection."

*Whether the Commission erred as a matter of law in finding that appellant was not entitled to attorney's fees based upon the value of medical services provided to him*

Appellant contends that the Commission incorrectly interpreted Ark. Code Ann. § 11-9-715 to mean that the Commission's authority to approve and award a reasonable fee exists only if medical providers have voluntarily contracted with the claimant's attorney to recover disputed bills. He argues that the legislature, by amending the statute in 2001, intended to address problems and inequities that existed for years, and that the purpose of the amendment was to increase fees for attorneys who represent injured workers. Appellant asserts that the statute gave him the absolute right to charge the medical provider a reasonable fee as a cost of collecting payment for medical services, and he asserts that it was the statutory duty of the Commission to approve his reasonable fee.

Much of appellant's argument centers around the use of the conjunctive "and" in Ark. Code Ann. § 11-9-715(a)(4): "Medical providers may voluntarily contract with the attorney for the claimant to recover disputed bills, and the attorney may charge a reasonable fee to the medical provider as a cost of collection." The Commission's opinion included the following discussion of this word:

> It must be noted that "and" is a coordinating conjunction in Subdivision (a)(4). Coordinating conjunctions are meant to join logically comparable elements, without turning one element into a modifier of the other. *See, The Random House Handbook,* 4th Ed. The legislature did not use the conjunction "or" which indicates an alternative, "voluntarily contract or charge a reasonable fee." Again, the conjunction "and" is used as a word to express a logical modification, consequence, antithesis, or supplementary explanation. . . . The second half of the sentence in Subdivision (a)(4) modifies the potential contract. Claimant's attorneys may only contract for a reasonable fee. The twenty-five percent (25%) of attorney's fee asserted under our Act only applies to indemnity benefits and not to medical benefits, one-half (½) of which is the responsibility of the respondents and the other half the responsibility of the claimant out of benefits payable to him.

Appellant argues that the Commission's interpretation defies common sense and renders the second clause of subsection (a)(4) meaningless. He argues that two letters submitted by the parties,

written by individuals closely associated with workers' compensation legislation, clearly show the legislature's intent in the 2001 amendment to create a right to fees based upon the value of medical services. We agree with the Commission that any opinion expressed in these letters is not relevant to the interpretation of the statute's clear and unambiguous language.

We will not substitute our judgment for that of an administrative agency unless the decision of the agency is arbitrary, capricious, or characterized by an abuse of discretion. *American Standard Travelers Indem. Co. v. Post*, 78 Ark. App. 79, 77 S.W.3d 554 (2002). To reverse an agency's decision because it is arbitrary and capricious, it must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Id.* Although an agency's interpretation of a statute is highly persuasive, we will not interpret the statute to mean anything other than what it says when it is not ambiguous. *Id.*

Arkansas Code Annotated section 11-9-704(c) (Repl. 2002) requires that we construe workers' compensation statutes strictly. Strict construction requires that nothing be taken as intended that is not clearly expressed, and its doctrine is to use the plain meaning of the language employed. *American Standard Travelers Indemnity Co., supra.* The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. *Id.* When a statute is clear, however, it is given its plain meaning, and the appellate court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Cave City Nursing Home, Inc. v. Arkansas Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *American Standard Travelers Indem. Co., supra.* The statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible. *Id.*

Here, appellant asserts a meaning to Ark. Code Ann. § 11-9-715(a)(4) that is counter to giving the word "and" its ordinary and usually accepted meaning in common language. The statutory provision is not open to two or more constructions, nor would reasonable minds disagree or be uncertain as to its meaning;

because its language is clear and unambiguous, there is no need to search for legislative intent further than the plain meaning contained in the words of the statute itself. Appellant's arguments do not convince us that the Commission's decision in this case was arbitrary, capricious, or characterized by an abuse of discretion. To the contrary, we find the Commission's decision highly persuasive. We hold that the Commission did not err in interpreting Ark. Code Ann. § 11-9-715(a)(4) to mean that, in the absence of a contract between appellant's medical providers and his attorney, the attorney was not entitled to attorney's fees based upon the value of medical services provided to him.

■  Appellant also asserts that Ark. Code Ann. § 16-22-304 creates an attorney's lien on the medical benefits in this case. The statute states in pertinent part: "This lien shall apply to proceedings before the Workers' Compensation Commission. The lien shall attach from the date a notice of claim is filed with the commission." Ark. Code Ann. § 16-22-304 (Repl. 1999). In its opinion, the Commission disagreed with the parties' joint argument that section 16-22-304 creates an attorney's lien on medical benefits. The Commission reasoned that the creation of an attorney's fee applies from and after service upon the "adverse party" in a cause of action; that medical providers, rather than being adverse parties, are unwilling participants in litigation not of their creation; and that respondents were the only party controverting benefits in this case.

Appellant's argument regarding Ark. Code Ann. § 16-22-304 is merely a one-sentence conclusory statement. Because his assignment of error is unsupported by convincing authority, it will not be considered on appeal. *See Jones Truck Lines v. Pendergrass*, 90 Ark. App. 402, 206 S.W.3d 272 (2005).

Affirmed.

VAUGHT, J., agrees.

GRIFFEN, J., concurs.

WENDELL GRIFFEN, Judge, concurring. I agree that Arkansas Code Annotated § 11-9-715 (a) (4) (Repl. 2002), as amended by Act 1281 of 2001, requires the result we reach in this case. However, I write separately to emphasize the inequity of the current workers' compensation scheme, which awards attorney's fees

for controverted indemnity benefits but completely insulates employers and workers' compensation insurers from liability for attorney's fees incurred for obtaining controverted medical benefits. The inequity of this scheme should not be ignored, particularly because it cuts against the long-recognized rationale under Arkansas workers' compensation law supporting how and why attorney's fees are paid in controverted cases.

It is no secret that the skyrocketing cost of medical treatment has become a national concern. Furthermore, the workers' compensation scheme was never intended to force injured workers to bear the total risk for obtaining reasonable medical attention and services for compensable injuries. The obligation to provide prompt and reasonably necessary medical treatment and services to an injured worker is imposed by law on an employer; just as it is the employer's duty to promptly and accurately provide indemnity benefits for periods of disability, the employer is obligated to promptly provide reasonably necessary medical treatment. Ark. Code Ann. § 11-9-508 (Supp. 2003).

Workers' compensation was not intended to be a litigious scheme; rather, it was intended to provide a means by which injured workers would receive compensation *without* resorting to litigation. Thus, it is well-settled that one purpose for allowing for the recovery of attorney's fees is to place the burden of litigation expense onto the party that made litigation necessary. *See Aluminum Co. of America v. Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976); *Harvest Foods v. Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996). While the fee goes to the attorney, the *benefit* is to the claimant who has been forced to obtain an attorney to receive benefits for an injury that the Commission ultimately determines to be compensable. *Tyson Foods, Inc. v. Fatherree*, 16 Ark. App. 41, 696 S.W.2d 782 (1985) (noting that permitting attorney fees on the controverted portion of workers' compensation claims gives a claimant the ability to obtain adequate and competent legal representation in defense of award as well as in obtaining the award). Further, making an employer who has controverted a claim liable for the employee's attorney's fees serves the legitimate social purposes of discouraging oppressive delay in recognition of liability and deterring the arbitrary or capricious denial of claims. *Id.* Under the prior law, attorney's fees were simply calculated based on the amount controverted and awarded. *See Varnell v. Union Carbide*, 29 Ark. App. 185, 779 S.W.2d 542 (1989).

For approximately sixty years — from the adoption of our first workers' compensation act in 1939 until the passage of Act 1281 in 2001 — we recognized these legitimate social purposes by awarding attorney's fees, as a benefit to the worker, for controverted indemnity, medical, and rehabilitative benefits, where the worker was required to secure an attorney in order to obtain benefits. *See, e.g., Pickens-Bond Const. Co. v. Case*, 266 Ark. 323, 584 S.W.2d 21 (1979) (awarding attorney's fees where the employer controverted claims for nursing services, therapy equipment, mileage, and medical benefits); *Garner v. American Can Co.*, 246 Ark. 746, 440 S.W.2d 210 (1969) (awarding attorney's fees for medical benefits); *Ragon v. Great American Indem. Co.*, 224 Ark. 387, 273 S.W.2d 524 (1954) (awarding attorney's fees based on medical services, hospitalization, and a percentage of the cash awarded to the claimant); *Harvest Foods v. Washam, supra* (awarding attorney's fees where claimant received indemnity benefits); *Owens Country Sausage v. Crane*, 268 Ark. 732, 594 S.W.2d 872 (Ark. App. 1980) (awarding attorney's fees where claimant was awarded costs of rehabilitation program).

Unfortunately, in the face of our long history of recognizing the compelling reasons for awarding attorney's fees on all controverted benefits, with the passage of Act 1281 of 2001, the Arkansas General Assembly absolved employers and workers' compensation insurers from exposure for controverting reasonably necessary medical treatment and services. Act 1281 amended Arkansas Code Annotated § 11-9-715(a)(1) and (2)(B)(ii) to specifically limit attorney's fees to the amount of compensation for indemnity benefits controverted and awarded. This amendment further added subdivision (a)(1)(B), which provided that "[a]ttorney's fees shall not be awarded on medical benefits or services except as provided in subdivision (a)(4) of this section." Section 11-9-715(a)(4), in turn, the subsection at issue in this case, allows attorneys to recover fees for the cost of collection of disputed medical bills only if medical providers voluntarily contract to allow for the recovery of such fees.

Thus, instead of being based on whether an employer controverted the claimant's entitlement to those benefits, the award of attorney's fees for medical benefits is now tied to the cost of collecting payment for disputed medical bills, which shifts the cost of litigation from the employer, the party responsible for the litigation. This is not a case of robbing Peter to pay Paul; the lamentable effects of Act 1281 go well beyond that to saddle both

the injured worker and medical providers with the cost of the employer's failure to provide reasonable medical services. First, it deprives injured workers of their sole remedy of obtaining an attorney's fee when the employer fails to pay for reasonable medical services as mandated under Arkansas law. Second, it shifts the responsibility to paying a claimant's attorney's fees from the employer to the party providing medical services.

The rationale for awarding attorney's fees for all controverted benefits did not suddenly change or become less compelling in 2001, when Act 1281 was passed. The current scheme, which allows an attorney to contract for fees for the collection of disputed medical bills, is woefully inadequate to preserve the more equitable attorney's fee benefit that claimants enjoyed under prior law. While I am obliged to follow the current law governing attorney's fees in workers' compensation cases, I am not obliged to ignore its inequities.