ST. JOSEPH'S MERCY HEALTH CENTER, Sisters of Mercy
Health System, Second Injury Fund *v.* Brenda LAMB

CA 06-665                                                    248 S.W.3d 514

Court of Appeals of Arkansas
Opinion delivered January 31, 2007

*Anderson, Murphy & Hopkins, LLP*, by: *Randy P. Murphy*, for appellants.

*Bachelor & Newell*, by: *C. Burt Newell*, for appellee.

JOSEPHINE LINKER HART, Judge. In this workers' compensation case, appellants argue that the Arkansas Workers' Compensation Commission erred when it vacated a change-of-physician order after it concluded that the order was not effective to provide a new treating physician for appellee, Brenda Lamb. We affirm.

As stipulated by the parties, appellee suffered a compensable back injury on February 25, 2004. A change-of-physician order was entered January 24, 2005, changing appellee's treating physician from Dr. William Ackerman to Dr. Bud Dickson. The order was entered pursuant to Ark. Code Ann. § 11-9-514(a)(3)(A)(iii) (Repl. 2002), which provides as follows:

Where the employer does not have a contract with a managed care organization certified by the commission, the claimant employee, however, shall be allowed to change physicians by petitioning the commission one (1) time only for a change of physician, to a physician who must either be associated with any managed care entity certified by the commission or be the regular treating physician of the employee who maintains the employee's medical records and with whom the employee has a bona fide doctor-patient relationship demonstrated by a history of regular treatment prior to the onset of the compensable injury, but only if the primary care physician agrees to refer the employee to a physician associated with any managed care entity certified by the commission for any specialized treatment, including physical therapy, and only if the primary care physician agrees to comply with all the rules, terms, and conditions regarding services performed by any managed care entity certified by the commission.

But following a hearing, the administrative law judge (ALJ) entered an order determining that the change-of-physician order was not effective to provide a new treating physician for appellee, and consequently the ALJ vacated the change-of-physician order and changed appellee's treating physician to Dr. Thomas M. Ward. In this order, the ALJ noted that, in his deposition, Dr. Dickson left "no doubt that he understood his role to be that of an independent medical examiner and not a treating physician." The ALJ concluded that, consequently, Dr. Dickson "has not acted and will not act as [appellee's] treating physician." The ALJ also noted that while Dr. Dickson did not believe that appellee was a surgical candidate, he testified that he was not an expert in spine surgery, although he had been trained to do back surgery. Further, the ALJ observed that Dr. Dickson stated that he was not a psychiatrist but "thought [appellee's] primary problems were neuro-psychiatric more than they were orthopedic or spine" but that "he did not do enough of that to refer her to a physician for such problems." The ALJ ruled that the change-of-physician order "was not effective because it did not provide the claimant with a new treating physician, the whole point of the right to change physicians." The ALJ concluded that "in order for [appellee] to exercise her right to change physicians, it is necessary that she be provided with a different physician who will consider [appellee] a patient and act as a treating physician, whether that includes therapy that he per-

forms or supervises or referrals to other appropriate physicians." On appeal to the Commission, the Commission adopted the ALJ's opinion.

On appeal to this court, appellants argue that the statute allows appellee a one-time change of physician, and the Commission has erroneously permitted a second change of physician not contemplated by the statute. Further, appellants assert that Dr. Dickson had the appropriate training and experience to evaluate appellee's needs and determine whether she needed any additional treatment as a result of her injury. Also, appellants note that Dr. Dickson's conclusions were consistent with the conclusions of appellee's previous treating physicians.

We review the Commission's decision to see if it is supported by substantial evidence, which is relevant evidence a reasonable mind might accept as adequate to support a conclusion, and if reasonable minds could reach the result found by the Commission, we affirm the decision. *Am. Standard Travelers Indem. Co. v. Post*, 78 Ark. App. 79, 77 S.W.3d 554 (2002). As we held in *Collins v. Lennox Indus., Inc.*, 77 Ark. App. 303, 75 S.W.3d 204 (2002), the language in the statute providing that a claimant employee "shall be allowed to change physicians by petitioning the commission one (1) time only for a change of physician," provides an absolute right to a change of physician. Here, the Commission had before it evidence that Dr. Dickson did not act in a manner consistent with being appellee's physician. In both a letter and his deposition, Dr. Dickson stated that he saw appellee for an independent medical evaluation. Moreover, Dr. Dickson testified during his deposition that he was not an expert in spine surgery, that he did not perform back surgery, and that he instead performed reconstructive hip and knee surgery. Accordingly, we conclude that substantial evidence supported the Commission's decision to vacate the change-of-physician order after concluding that the order was not effective to provide a new treating physician for appellee.

Affirmed.

MARSHALL and HEFFLEY, JJ., agree.