# WASHINGTON COUNTY,

## December Term, 1792.

### Lessee of Rob. Hamilton *v.* Van Swearingen.

1792.

THE plaintiff's title was founded on a location in name of *Michael Marshall*, and a survey made on it for *Michael Marshall*, by the deputy surveyor.

*Brackenridge* and *M'Keehan*, for the plaintiff, offered to prove, that a conveyance of this land from *Marshall* to the lessor of the plaintiff, made previous to the demise in the ejectment, had been lost; and therefore contended, that parole proof of its contents should be admitted.

*Ross*, for the defendant. Such testimony is dangerous, and introductory of fraud. The plaintiff might have got a deed of confirmation, reciting the first deed, and referring back to it; or he might have proceeded under the act of assembly, empowering the Supreme Court to supply defects in the titles to lands, occasioned by the loss of deeds.

*2 St. L. 444.*
*3 St. L. 294.*

PRESIDENT. The general rule is, that the best testimony in the power of the party must be produced. In some cases such testimony as is offered must be admitted from necessity. But it is of so dangerous a nature, and may be so adapted to the purposes of fraud, that necessity alone can justify its admission, and where safer testimony can be had recourse to, it ought to be constantly rejected.

In this case, *Robert Hamilton* might have proceeded in two ways, either of which would have been more safe, solemn, and certain; than this now proposed.

1. He might have applied to *Marshall* for a deed of confirmation. This would have been the safest and the best.

2. Or if *Marshall* refused, or could not be found, he might have applied, under the act of assembly, to the Supreme Court, where there would have been a kind of adverse proceeding, and, with notice and leisure to examine the circumstances, proper precautions could have been taken against fraud.

With thefe methods in the power of the plaintiff, we cannot fay that the teftimony offered is the beft ; and we therefore reject it.

The plaintiff fuffered a nonfuit.

---

# ALLEGHENY COUNTY,

## March Term, 1793.

