Laurie CLEEK *v.* GREAT SOUTHERN METALS

CA 97-1138                                                    970 S.W.2d 304

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered May 27, 1998
[Petition for rehearing denied July 1, 1998.*]

---

* ROGERS, NEAL, and CRABTREE, JJ., would grant.

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Bassett Law Firm*, by: *Angela M. Doss*, for appellee.

MARGARET MEADS, Judge. Appellant, Laurie Cleek, suffered an admittedly compensable injury on March 22, 1994, when she slipped and fell on a staircase at work, landing on her buttocks and her lower back. She was seen at the Medi-Quick Clinic on March 24, 1994. She was seen by Drs. Lundeen and Kendrick after her initial Medi-Quick visit, and she continued to see Dr. Kendrick through February 1996.

Appellee paid all of appellant's medical expenses after her March 24, 1994, visit to Medi-Quick, with the exception of her last visit to Dr. Kendrick in February 1996; however, it contended that all expenses paid after March 24, 1994, approximately $2,339.25, were paid in error because the medical treatment rendered by Drs. Lundeen and Kendrick was not reasonable and necessary. Appellee did not request reimbursement from appellant of these monies but asked that if it were determined that appellee

owed the amounts already paid, the administrative law judge (ALJ) allow a credit to appellee for such payments.

The ALJ found that the medical treatment rendered to appellant was reasonable and necessary, and that appellee was responsible for such expenses, including the $35.00 expense of appellant's last visit to Dr. Kendrick in February 1996. The ALJ also awarded appellant's attorney a one-half fee based on a recovery of $35.00, reasoning that appellant had previously been paid for all other expenses and "there was no gain to the claimant with the exception of an unpaid bill in the amount of $35.00." The Commission affirmed and adopted the ALJ's opinion and awarded appellant's attorney an additional $250.00 fee pursuant to Ark. Code Ann. § 11-9-715(b) (Repl. 1996). It is from this decision that appellant brings her appeal, arguing that there is not substantial evidence to support the Commission's award of an attorney's fee based only on $35.00.

On appeal to this court, the evidence regarding a workers' compensation claim is viewed in the light most favorable to the findings of the Commission. *Lay v. United Parcel Serv.*, 58 Ark. App. 35, 944 S.W.2d 867 (1997). The question of whether a claim is controverted is one of fact to be determined from the circumstances of each particular case, and the Commission's finding will not be disturbed if there is substantial evidence to support it. *Masonite Corp. v. Mitchell*, 16 Ark. App. 209, 699 S.W.2d 409 (1985). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Harvest Foods v. Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996). There may be substantial evidence to support the Commission's decision although we might have reached a different conclusion from the one found by the Commission if we were sitting as the trier of fact or reviewing the case *de novo*. *Tyson Foods, Inc. v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988).

Arkansas Code Annotated section 11-9-715(a)(2)(B)(ii) (Repl. 1996) provides that "the [attorney's] fees shall be allowed *only* on the amount of compensation *controverted and awarded*." (Emphasis added.) The *American Heritage Dictionary* (3rd Ed.)

defines "and" as "together with or along with; in addition to; as well as." Thus, it is not enough that only one component or the other be present, i.e., either controverted or awarded; rather, both components must be present. Here, although the ALJ found that appellee had controverted over $2,300.00 in medical treatment, he awarded appellant $35.00, which was the only medical expense that appellee had not paid. Our legislature's use of the word "and" between "controverted" and "awarded" in Ark. Code Ann. § 11-9-715(a)(2)(B)(ii) clearly and unambiguously means that attorney's fees in workers' compensation cases are contingent upon not only the amount controverted but also the amount awarded, and we cannot hold otherwise. *See Nichols v. Wray*, 325 Ark. 326, 925 S.W.2d 785 (1996) (words in a statute must be given their usual and ordinary meaning and if there is no ambiguity a statute is given effect just as it reads); *Life Ins. Co. v. Ashley*, 308 Ark. 335, 824 S.W.2d 393 (1992) (when the wording of a statute is clear and unambiguous, it will be given its plain meaning); and *Hatcher v. Hatcher*, 265 Ark. 681, 580 S.W.2d 475 (1979) (when the will of the General Assembly is clearly expressed, the appellate court is required to adhere to it without regard to consequences).

■ Appellant contends that *Aluminum Co. of Am. v. Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976), is controlling and mandates that an attorney's fee be awarded based on the entire amount controverted. We disagree. In *Henning*, appellant-employer had notified appellee that it considered his heart attack to be "personal" and not causally related to his employment duties, and declined to pay any workers' compensation benefits. Only after appellee had consulted an attorney and a workers' compensation claim had been filed did appellant accept responsibility for the claim and begin to pay benefits. Our supreme court ruled that appellee's attorney was entitled to the statutory attorney's fee authorized by Ark. Stat. Ann. § 81-1332 (Repl. 1960) (the predecessor to Ark. Code Ann. § 11-9-715), finding that appellant had denied liability and clearly refused to pay any benefits. Here, with the exception of the one $35.00 bill, all medical expenses which appellee incurred had been paid by her employer, and appellee sought legal counsel solely to recover the $35.00.

For these reasons, we affirm the award of attorney's fees based upon the controverted and awarded amount of $35.00.

Affirmed.

JENNINGS and STROUD, JJ., agree.

CRABTREE, ROGERS, and NEAL, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. I agree with the majority opinion's recitation of facts but disagree with its analysis that culminates in denying attorney fees for the full amount controverted. The appellees in this case admittedly controverted the entire amount of the claim because of a $35.00 bill. The appellees asserted to the Administrative Law Judge (ALJ) that they were not asking for reimbursement of the amount they paid, but wanted credit for the amount paid if the ALJ found in favor of the appellees.

The majority opinion cites Ark. Code Ann. section 11-9-715(a)(2)(B)(ii) (Repl. 1996) as authority for denying the amount of fees on the entire amount controverted. That section provides in part: "the [attorney's] fees shall be allowed only on the amount of compensation *controverted and awarded*." (Emphasis added.) The majority places great emphasis on the conjunction "and," and goes further into the analysis that the fee must be both controverted, which is admitted in this case, and awarded. Though the majority opinion defines the conjunction "and," it does not define the words "controverted and awarded." Controvert is defined in the Oxford Dictionary as "dispute, deny," and award is defined as "give or order to be given as payment, compensation, or prize. Grant, assign."

There is no question but that the payment of benefits by the employer was controverted. The question is whether or not there was an award. The majority opinion holds that the only award made in this case was for the $35.00 medical bill. I cannot agree. The appellee stated to the ALJ that it did not seek reimbursement but a set-off for the amount of medical expenses already paid if the ALJ found that the injury was compensable. Under the plain meaning of the word "award," the appellant was granted workers' compensation benefits in a specific amount, including the $35.00

medical expense. The amount of the medical expenses was then set off against the amount already paid by the appellee in the amount of several thousand dollars. In effect, the appellant was "awarded" her workers' compensation benefits in the full amount. To find to the contrary would allow employers to controvert the last medical expense, have a full trial on the merits, and attempt to bar any future medical expenses or disability benefits without paying the cost associated with controverting the claim in the beginning. In my opinion, the majority opinion does not fulfill the intent of the legislature and has a chilling effect on the ability of claimants to obtain legal counsel when the employer controverts a small medical bill at the end of the claimant's healing period. The majority opinion goes beyond what is fair and reasonable and potentially could open the floodgates to litigation at the expense of claimant and emasculate the ability of the worker to obtain adequate legal counsel to insure that future benefits remain intact.

I dissent.

NEAL and ROGERS, JJ., join in this dissent.