Laurie CLEEK *v.* GREAT SOUTHERN METALS

98-738                                    981 S.W.2d 529

Supreme Court of Arkansas
Opinion delivered December 10, 1998

*Jay N. Tolley*, for appellant.

*Bassett Law Firm*, by: *Angela M. Doss*, for appellee.

TOM GLAZE, Justice. Appellant Laurie Cleek initiated this workers' compensation case after she slipped and fell on her employer Great Southern Metals' premises on March 22, 1994. Although Great Southern later controverted Cleek's claim as being not compensable, it paid her medical expenses incurred in the sum of $2,339.25, commencing after March 24, 1994, and continuing until February 21, 1996, when she was discharged from further treatment by Dr. W. C. Kendrick. Great Southern refused to pay for Cleek's final visit to Kendrick, so she paid for that visit in the amount of $35.00. Cleek subsequently filed her workers' compensation claim, and requested that her claim be determined compensable and controverted and that she be awarded attorney's fees based upon the full amount of the medical expenses.

On June 17, 1996, the administrative law judge found Great Southern controverted Cleek's compensable claim beginning after March 24, 1994 (her first medical visit), and he specifically determined Dr. Kendrick's services were reasonably necessary. However, because Great Southern had paid all of Cleek's medical expenses except for $35.00, and was not seeking reimbursement of its payments, the administrative law judge limited his award of attorney's fees based only on the unpaid $35.00 amount. The commission affirmed the law judge's decision although one commissioner dissented, stating his opinion was that Cleek had failed to show a compensable injury.[1]

---

[1] A second commissioner concurred and joined in awarding attorney's fees, but she would have awarded fees based on the full amount of medical expenses.

Cleek appealed to the court of appeals where she contended that she was entitled to attorney's fees based on all medical expenses because her entire claim had been controverted. The court of appeals disagreed in a three-three decision. *Cleek v. Great Southern Metals*, 62 Ark. App. 177, 970 S.W.2d 304 (1998). We granted Cleek's petition for review of that tie vote pursuant to Ark. Sup. Ct. R. 2-4(c), and upon our review, we reverse the commission's decision. The commission's attorney's fees award is the sole issue on appeal.

■ On appeal of a workers' compensation case from the court of appeals to this court, we view the evidence in the light most favorable to the commission's decision and affirm that decision if it is supported by substantial evidence. *Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 890 S.W.2d 253 (1994). Substantial evidence exists if reasonable minds could have reached the same conclusion. *Id.*

In the instant case, the commission adopted the law judge's findings and decision as being factually and legally correct. In doing so, the commission found, as previously stated above, that Great Southern had controverted Cleek's medical care after March 24, 1994, and further found the medical treatment and services rendered by Dr. Kendrick in connection with Cleek's compensable injury were reasonably necessary. However, the commission ruled that, because Great Southern had already paid all medical expenses incurred by Cleek except one bill in the amount of $35.00, she was only entitled to attorney's fees based on the $35.00 amount Great Southern refused to pay.

The commission's attorney's fees award was given pursuant to Ark. Code Ann. § 11-9-715(a)(2)(B)(ii) (Repl. 1996), which provides that fees shall be allowed only on the amount of compensation controverted and awarded. The commission's and the court of appeals' prevailing opinion accepted Great Southern's argument that the only amount controverted *and awarded* in this case was the $35.00 amount that Cleek had paid and Great Southern had refused to pay. In other words, Great Southern claimed that the commission could not award the $2,339.25 in medical expenses

because Great Southern had previously paid them and did not seek their reimbursement.

■ While it is true that Great Southern did not request reimbursement of its payments totalling $2,339.25, it did ask the commission to allow Great Southern "credit" for such payments, if the commission determined Great Southern owed the medical expenses it had already paid. In fact, the commission found Great Southern had controverted Cleek's entire claim, determined the medical expenses were reasonably necessary, and gave Great Southern the credit it requested. Having done so, we agree with the dissenting judges in the court of appeals' *Cleek* decision that the commission effectively confirmed and awarded Cleek *all* of her medical expenses.

■ In conclusion, this court has long recognized that making an employer liable for attorney's fees serves legitimate social purposes such as discouraging oppressive delay in recognition of liability, deterring arbitrary or capricious denial of claims, and insuring the ability of necessitous claimants to obtain adequate and competent legal representation. *Aluminum Co. of America v. Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976). In the instant case, while Great Southern paid all but $35.00 of Cleek's medical expenses, it never recognized liability for her injury, and if Cleek had not prevailed on the liability issue of her claim, she would have been barred from seeking any future medical expenses or disability benefits. Great Southern's undisputed controversion of Cleek's injury claim forced Cleek to try this case fully on the merits. If Cleek had not employed counsel to assist her in this matter, it is reasonable to conclude both her present and future claims for medical expenses and benefits would not have been properly presented and protected. 260 Ark. at 706-708; 543 S.W.2d at 485. If the fundamental purposes of attorney's fees statutes such as § 11-9-715 are to be achieved, it must be considered that their real object is to place the burden of litigation expenses upon the party which made it necessary. *Id.*

■ We reverse the commission's and the court of appeals' decisions to the extent that they hold Cleek is entitled only to attorney's fees based upon a recovery of $35.00. We remand to the commission to award attorney's fees based upon the full amount of the medical expenses.