KENNETH S. HIXSON, Judge | ^his is a statutory-interpretation case within the confines of the Workers’ Compensation Act. Our charge is not to rewrite unambiguous workers’ compensation statutes. In fact, we are statutorily prohibited from doing so. The legislature expressed the “General Assembly’s intent” in the Workers’ Compensation Act of 1993 when it declared that, in the future, if “the scope of the workers’ compensation statutes need to be liberalized, broadened, or narrowed, those things shall be addressed by the General Assembly and should not be done by administrative law judges, the Workers’- Compensation Commission, or the courts.” Ark. Code Ann. § 11-9-1001 (Repl. 2012). This principle permeates this appeal and underpins the majority opinion. The issue in this case is whether appellants J.M.E. and A.K.E., who are minor children of a deceased injured employee, are eligible for workers’ compensation survivor |2benefits. In a typical dependent-survivor case, the minor children of an injured employee who is receiving permanent total disability payments are entitled to workers’ compensation survivor benefits upon the death of the employee. What complicates this case is that, six years after the children’s father/employee sustained a catastrophic injury rendering him permanently and totally disabled, his parental rights were terminated and the two children were subsequently adopted. Eight months after the children were adopted, the two children filed for statutory surviv- or benefits. The Workers’ Compensation Commission ruled that they were not eligible for survivor benefits because by the time the two children filed for benefits they had been adopted, which rendered them strangers to the father/employee and, therefore, no longer his dependents. The appellants now challenge that ruling on appeal. We agree that the Commission erred, and we reverse for an award of survivor benefits to the minor children of the deceased employee. The Facts The pertinent facts are undisputed. J.M.E. and A.K.E. were born in 2001 and 2004, respectively. Their biological parents are Robert Emmons and Kimberly Em-mons. On June 22, 2007, Mr. Emmons suffered a catastrophic compensable injury while working for appellee Valley View Agri Systems, which rendered him a quadriplegic and permanently and totally disabled. At the time of the injury, the minor children J.M.E. and A.K.E were living with their biological parents and were dependent on Mr. Emmons for support. Mr. Emmons timely received $75,000 in benefits from the employer/insurance carrier and was receiving monthly permanent and total disability payments from the Death and Permanent Disability Trust Fund. In April 2011, DHS took custody of both children | Sbecause of dependency-neglect due, in large part, to both the father’s and mother’s drug use. On March 4, 2013, an order was entered that terminated both Mr. Emmons’ and Mrs. Emmons’ parental rights to both children. On October 1, 2013, Mr. Emmons died as a consequence of the compensable injury. On January 2, 2014, J.M.E. and A.K.E. were adopted by their new parents. On August 20, 2014, J.M.E. and A.KE. filed their claim for survivor benefits arising from Mr. Em-mons’ work-related death caused by his compensable injury,[1] The Commission denied the survivor-benefits claim. Analysis When an employee sustains a compensa-ble injury rendering the employee permanently and totally disabled, the employee is entitled to permanent and total disability payments. Ark. Code Ann. § 11-9-519 (Repl. 2012). When an employee dies as a result of the compensable injury, his dependents are entitled to survivor benefits. Ark. Code Ann. § 11-9-527 (Repl. 2012). Subsection ll-9-527(h) pointedly and unambiguously provides that “[all] questions of dependency shall be determined as of the time of the injury.” Even though the children were living with their biological father, Mr. Emmons, at the time of his compensable injury in 2007 and were being supported by him at that time, the Commission nonetheless concluded that the children were ineligible for survivor benefits. The Commission’s decision was based on the fact that, before the children filed their claim for survivor benefits, they had been adopted by other parents. The Commission |4relied on an adoption statute, specifically Arkansas Code Annotated section 9-9-215(a)(l) & (2) (Repl. 2015), which provides in pertinent part: A final decree of adoption ... [has] the following effect as to matters within the jurisdiction or before a court of this state: [[Image here]] [T]o relieve the biological parents of the adopted individual of all parental rights and responsibilities, and to terminate all legal relationships between the adopted individual and his or her biological relatives, including his or her biological parents, so that the adopted individual thereafter is a stranger to his or her former relatives for all purposes. This includes inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, which do not expressly include the individual by name or by some designation not based on a parent and child or blood relationship. [[Image here]] To create the relationship of parent and child between petitioner and the adopted individual, as if the adopted individual were a legitimate blood descendant of the petitioner, for all purposes including inheritance and applicability of statutes, documents, and instruments, whether executed before or after the adoption is decreed, which do not expressly exclude an adopted individual from their operation or effect. The Commission found that despite the clear language of subsection ll-9-527(h), by operation of the adoption statute, the children became strangers to Mr. Emmons when' they were adopted, and hence, were no longer his dependents. Thus, the Commission concluded that the children failed to prove that they were statutory beneficiaries, and that they were not entitled to survivor benefits. To avoid the consequences of the application of the clear language in subsection 11—9—527(h) of our workers’ compensation law, the Commission employed the legal fiction that because the children had been adopted they were deemed the children of the adoptive parents from birth and therefore, on the date of | (¡injury, the children were actually the children of the adoptive parents and not the children of the injured employee. In this appeal, J.M.E. and A.K.E. argue that the Commission erred in determining their dependency status as of the date they filed their claim, instead of as of the date of their biological father’s com-pensable injury, thereby wrongfully denying them survivor benefits under the applicable workers’ compensation law. We find appellants’ argument to have merit. Typically, we review decisions of the Workers’ Compensation Commission using the substantial-evidence standard of review. See Thomas v, Superior Indus., 2015 Ark. App. 335, 463 S.W.3d 748. However, here the facts are undisputed and we simply have an issue of applying the facts to the law. The question of the correct application of a statute is a question of law, which this court decides de novo. Broussard v. St. Edward Mercy Health Sys., Inc., 2012 Ark. 14, 386 S.W.3d 385. Moreover, pursuant to Arkansas Code Annotated section 11—9—704(c)(3), we construe the provisions of the Workers’ Compensation Act strictly. The ultimate issue in this case is under what circumstances a dependent child’s survivor benefits can be terminated. The workers’ compensation statutory scheme provides us with the answer. There is no need to look outside the confines of the workers’ compensation scheme, as the Commission did, to extrapolate an answer. Arkansas Code Annotated section 11—9— 527(c) generally describes the benefits allowable to dependents of deceased employees, including children’s benefits. Subsection (d)(2) prescribes how a child, grandchild, brother or sister’s dependency may be terminated: I «(d) TERMINATION OF[1] DEPENDENCE. (2) A physically or mentally incapacitated child, a grandchild, brother or sister shall be entitled to compensation as a dependent of the deceased employee without regard to age or marital status, but if physically or mentally capacitated to earn a livelihood, dependency shall terminate with the attainment of eighteen (18) years of age or upon marriage. However, benefits to an otherwise eligible child shall not terminate at the age of eighteen (18) years provided the child is a full-time student who has not attained the age of twenty-five (25) years. Subsection (d)(2) provides that a child’s dependency can be terminated. at the age of eighteen if he is capable of earning a livelihood and is not a full-time student less than twenty-five years of age. The circumstances delineated in subsection (d)(2) are the only circumstances set forth in the Arkansas Workers’ Compensation Act that allow or require termination of a child’s dependency status. However, the Commission expanded the statutory criteria to terminate a minor’s dependency to include deceased employees’ children who have been adopted. The clear language of the applicable statute does not allow for termination of a minor child’s survivor benefits upon termination of the employ-: ee’s parental rights or adoption. Our duty is to apply the unambiguous statute. Recognizing that future conduct of the parents could affect the dependency status of children and their corresponding rights to benefits, the legislature specifically created subsection (h) to answer the question of when dependent status is determined. Because of countless possibilities that may occur in the future with regard to parents and their children, the legislature provided us with a clear directive in subsection (h), stating “[a]ll questions of dependency shall be determined at the time of the injury.” (emphasis added).[2] This directive 17is simple and unambiguous. Dependency is determined at the time of injury. Here, there is no question that the minor children were dependent on the deceased employee at the time of injury. The minor children are considered dependents unless something terminates that status under subsection (d)(2), and in this case there was nothing to terminate the appellants’ status as dependents. It should not be overlooked that the legislature did provide additional hurdles for proving entitlement to survivor benefits for widows and widowers, but not for children. Where the claimant of the deceased employee is a dependent spouse, that dependent spouse must not only be a dependent at the time of injury under subsection (h), that dependent spouse must also prove that he or she is, in fact, dependent on the deceased employee at the time of death. Arkansas Code Annotated § 11-9—527(c)(1)(A)(ii) provides, “However, the widow shall -establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided in this section.”[3] (emphasis added). The legislature, as it is entitled to do, created an additional hurdle for spouses that it did not create for children. It is the General Assembly’s responsibility to liberalize, broaden, or narrow the scope of workers’ compensation statutes— not ours nor the Commission’s. See Ark. Code Ann. § 11-9-1001, Here, by adding adoption to the grounds upon which a child’s dependency status may be terminated, the Commission impermissibly broadened the scope of the statute. Our mandate is to apply the unambiguous statutes, and any change to the law should be left | sto the legislature. Because the undisputed facts established that the appellants were, in fact, dependent on the deceased employee, their biological father, at the time of the compensable injury, and there were no circumstances within the Workers’ Compensation Act terminating their dependency status, we hold that the Commission erred in denying appellants’ claim for survivor benefits. Accordingly, we reverse and remand for an award of appropriate survivor benefits commencing on the date of the death of the deceased employee and continuing through the date on which Arkansas Code Annotated section 11-9-527(d)(2) would operate to terminate J.M.E.’s and A.K.E.’s dependency status. Reversed and remanded. Abramson, Harrison, Whiteaker, and Hoofman, JJ., agree. Gladwin, C.J., and Gruber, Vaught, and Brown, JJ., dissent. . The record contains no information as to why the claim for survivor benefits was not made prior to the adoption while the children were wards of the state. . To the extent there is any conflict between this provision in our workers’ compensation law and the adoption statutes found in another section of the Arkansas Code, our supreme court has held that it is blacldetter law for statutory construction to give effect to the specific statute over the general. See Searcy Farm Supply, LLC v. Merchs. & Planters Bank, 369 Ark. 487, 256 S.W.3d 496 (2007). . The same hurdle is set forth in section (B)(ii) with respect to widowers.