

# ARKANSAS COURT OF APPEALS

DIVISIONS II, III & IV
**No.** CV-17-59

|  |  |
|---|---|
| ARKANSAS GAME & FISH COMMISSION AND PUBLIC EMPLOYEE CLAIMS DIVISION<br><br>APPELLANT<br><br>V.<br><br>OSCAR A. GERARD, JR.<br><br>APPELLEE | **Opinion Delivered:** October 18, 2017<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. F205923]<br><br>REVERSED |

## BART F. VIRDEN, Judge

The Arkansas Game & Fish Commission (AG&F) appeals the Arkansas Workers' Compensation Commission's decision requiring it to pay one hundred percent of the attorneys' fees resulting from additional benefits awarded to Gerard. We reverse.

### I. *Factual History*

Between 2002 and 2013, Oscar Gerard, an employee of AG&F, underwent various medical procedures related to a compensable back injury he sustained while at work. On February 19, 2014, Gerard's treating back surgeon declared that Gerard had attained maximum medical improvement with 16 percent impairment. AG&F accepted liability for the 16 percent impairment rating and a 10 percent wage loss. Two other doctors independently evaluated Gerard, and both opined that his impairment rating was 23 percent to the body as a whole. AG&F accepted the 23 percent impairment rating.

Subsequently Gerard filed a claim in which, among other things, he argued that he was entitled to permanent partial-disability benefits in excess of 10 percent due to the 7

percent increase in his impairment rating, he was entitled to additional temporary total disability benefits, and AG&F should not be entitled to any offset pursuant to Ark. Code Ann. § 11-9-411 (Repl. 2012).

After the hearing on December 22, 2015, the administrative law judge (ALJ) decided partially in Gerard's favor and found that Gerard had established that he is entitled to a 35 percent wage-loss disability award, but that AG&F was allowed to take credit for the previous 10 percent wage loss paid. The ALJ found that AG&F was entitled to the offset provided for in Ark. Code Ann. § 11-9-411 because "it appears to this examiner that Mr. Gerard's Arkansas Public Employment Retirement System (APERS) retirement benefits rate of $2,424.67 to $2,479.79 per month would far exceed his workers' compensation benefit rates of $277.00 or $369.00 per week." The ALJ also found that the attorneys for the parties were entitled to a 25percent fee on the indemnity benefits awarded to Gerard "one-half of which is to be paid by the claimant and one-half to be paid by the respondents in accordance with Ark. Code Ann. § 11-9-715[.]"[1] AG&F promptly tendered its half of the of attorneys' fees.

On April 18, 2016, Gerard filed a motion to enforce payment of the attorneys' fees. Gerard explained that his disability retirement compensation exceeded the award of additional benefits, and the offset depleted the "payable benefits" from which the attorneys' fees should be paid. Gerard argued that he effectively never received any compensation, and because Ark. Code Ann. § 11-9-715(a)(2)(B)(i) requires that Gerard's payment of attorneys'

---

[1]The ALJ found that Gerard was entitled to $31,162.50 in additional benefits, resulting in attorneys' fees of $7,790.62, or $3,895.31 from each party.

fees must come from any benefits he was awarded, AG&F must pay the remaining half of the fees. Gerard stated that

> [t]hus, respondent is required to pay the claimant's 1/2 share of the attorney's fee owed and then withhold such an amount from compensation it pays to the claimant, if any. If, as in this case, respondent (because of the offset) ends up paying no compensation to the claimant, then respondent would be entitled to deduct the claimant's ½ share of the fee from any future benefits that may become payable to the claimant.

Essentially Gerard argued that he should not be required to pay his attorneys' fees out of his own pocket when the statute directs that the fees be deducted from the payable benefits.

AG&F responded that this it had made payment of half of the attorneys' fees to the proper entities, and despite the unfortunate offset, Ark. Code Ann. § 11-9-715(a)(2)(B)(i) requires that Gerard be responsible for his half of the attorneys' fees out of his own pocket if necessary. (Add. 40-1)

The ALJ acknowledged that is a case of first impression and that neither the Commission nor the courts had directly addressed which statute had priority over the other. The ALJ explained that "neither Section 411 nor Section 715 is unclear in any relevant way except that both statutes are silent and therefore ambiguous as to which statute applies first to an award of benefits in a controverted claim." The ALJ found that "deduction of the claimant's one-half of the controverted attorneys' fees out of compensation payable to the claimant under Arkansas Code Annotated section 11-9-715(a)(2)(B)(i) precedes any reduction in benefits provided for under Arkansas Code Annotated section 11-9-411(a)(1)." (Add. 48) The ALJ ordered AG&F to pay the claimant's one-half of the fees to the attorney out of the benefits awarded to the claimant. The ALJ based its decision on public policy that



enables "an injured worker to obtain the services of an attorney for resolution of a controverted claim." The ALJ also noted that

> in a controverted claim such as this where APERS did not assist in the litigation, there could be no money for a third party payer to recover but for the efforts of the claimant's attorney in obtaining the award of benefits. I also note that subordinating the benefits reduction to that of the attorney does not reduce any contractual debt that Mr. Gerard might owe to APERS for double recovery. APERS may still recoup any unpaid portion of its overpayment from Mr. Gerard through any other means of permanent disability benefits[.]

AG&F appealed to the full Commission, and the Commission affirmed and adopted the ALJ's decision. AG&F filed a timely notice of appeal.

On appeal AG&F raises two issues: (1) whether the full Commission erred in its interpretation of Ark. Code Ann. § 11-9-715 by requiring AG&F to pay the full amount of the attorneys' fees from the additional benefits awarded, but not paid, to Gerard; and (2) whether the full Commission erred when it found that the General Assembly intended the attorneys' fees awarded pursuant to Ark. Code Ann. § 11-9-715 to have priority over the offset provided for in Ark. Code Ann. § 11-9-411.

## II. *Standard of Review and Applicable Law*

Typically, this court reviews decisions of the Commission using the substantial-evidence standard of review. *J.M.E. v. Valley View Agri Sys., Inc.*, 2016 Ark. App. 531, at 5, 505 S.W.3d 211, 214. However, the facts here are undisputed, and this court is reviewing the interpretation and application of two statutes. The question of the correct application of a statute is a question of law, which this court decides de novo. In deciding what a statute means, the interpretation of a statute by the agency charged with its execution is highly

SLIP OPINION

persuasive and, while not binding on this court, will not be overturned unless it is clearly wrong. *Brigman v. City of W. Memphis*, 2013 Ark. App. 66, at 2–3.

Arkansas Code Annotated section 11-9-704(c)(3) requires strict construction of the provisions of the Workers' Compensation Act. Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. *St. Edward Mercy Med. Ctr. v. Howard*, 2012 Ark. App. 673, at 4–5, 424 S.W.3d 881, 885. The doctrine of strict construction requires this court to use the plain meaning of the language employed. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Hicks v. Bates*, 104 Ark. App. 348, 351–52, 292 S.W.3d 850, 854 (2009). When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction; however, we will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Id.* Our case law requires us to reconcile statutory provisions relating to the same subject to make them sensible, consistent, and harmonious. *Id.*

Arkansas Code Annotated section 11-9-715(a)(2)(B)(i) requires that

> in all other cases whenever the commission finds that a claim has been controverted, in whole or in part, the commission shall direct that fees for legal services be paid to the attorney for the claimant as follows: One-half (1/2) by the employer or carrier in addition to compensation awarded; and one-half (1/2) by the injured employee or dependents of a deceased employee out of compensation payable to them.

Arkansas Code Annotated section 11-9-411(a)(1) deals with the issue of offset:

> Any benefits payable to an injured worker under this chapter shall be reduced in an amount equal to, dollar-for-dollar, the amount of benefits the injured worker has previously received for the same medical services or period of disability, whether those benefits were paid under a group health care service plan of whatever form or

 

nature, a group disability policy, a group loss of income policy, a group accident, health, or accident and health policy, a self-insured employee health or welfare benefit plan, or a group hospital or medical service contract.

### III. *Analysis*

A. The Commission's Interpretation of Arkansas Code Annotated Section 11-9-715

Simply put, the plain language of Ark. Code Ann. § 11-9-715 outlines how attorneys' fees are to be paid, and the Commission's decision runs counter to that plain language. The Commission's decision is legal error and must be reversed.

The language of Ark. Code Ann. § 11-9-715(a)(2)(B)(i) clearly sets forth that claimants in controverted workers' compensation cases are responsible for one-half of the attorneys' fees, and those fees are to be paid from the compensation payable to the claimant. In this case, the offset pursuant to Ark. Code Ann. § 11-9-411 eliminates AG&F's obligation to pay any additional benefits to Gerard. AG&F does not owe Gerard anything; and therefore, no deduction of Gerard's one-half portion of the fees could ever be made. Most importantly, there is no language in the statute that indicates that respondents are responsible for the full amount of the attorneys' fees. To insert the requirement into Ark. Code Ann. § 11-9-715(a)(2)(B)(i)—that the respondent must pay 100 percent of the attorneys' fees—is clear error.

The second part of Ark. Code Ann. § 11-9-715(a)(2)(B)(i) refers to payment of attorneys' fees from "compensation payable" to the claimant. Here again, the language of the statute does not contemplate the respondent paying one hundred percent of the attorneys' fees in the event such an offset occurs. The fact is that Gerard has already received

SLIP OPINION

all the benefits payable that he is entitled to under the law, and to require AG&F to pay 100 percent of the attorneys' fees simply because an offset occurred is incorrect.

As stated above, the Commission's interpretation of the statutes regarding workers' compensation is highly persuasive, and we will only reverse if that interpretation is clearly wrong. *Brigman*, *supra*; however, we hold that there is clear error, and we must reverse the Commission's decision.

### B. The Commission's Finding that Arkansas Code Annotated Section 11-19-715 Has Priority Over Arkansas Code Annotated Section 11-9-411

The Commission found that though the language of the two statutes is clear, an ambiguity arises when an offset occurs that depletes the payable benefits such that attorneys' fees cannot be taken from them. We hold that there is no ambiguity between the statutes, and the Commission erred when it found that Ark. Code Ann. § 11-9-715 has priority over the offset statute.

Gerard asserts that it would be contrary to public policy to require him to pay his half of the attorneys' fees; however, public policy and legislative intent are both created by the legislature. *See Jordan v. Atl. Cas. Ins. Co.*, 344 Ark. 81, 85, 40 S.W.3d 254, 256 (2001) ("[T]he determination of public policy lies almost exclusively with the legislature, and the courts will not interfere with that determination in the absence of palpable errors.") Had the legislature intended to regard the payment of attorney's fees differently in cases where offset has occurred, the legislature could have written the statute to accomplish such a purpose. We have stated repeatedly that if a statute is clear, we will not search for the legislative intent; rather, the intent must be gathered from the plain meaning of the language used. *Ark. Dep't of Econ. Dev. v. William J. Clinton Presidential Found.*, 364 Ark. 40, 53, 216

S.W.3d 119, 128 (2005); *Weiss v. Geisbauer*, 363 Ark. 508, 215 S.W.3d 628 (2005) (citing

*Cave City Nursing Home, Inc. v. Ark. Dept. of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884

(2002)).

It is clear from the plain language of Ark. Code Ann. § 11-9-715 that the legislative

intent is that the claimant must pay one-half the fee out of the payable benefits, which has

the effect of reducing the amount of money that goes into a claimant's pocket. It is simply

a matter of *when* the claimant pays half of the fee, not *if* he or she will be required to pay it.

In no way does the determination that an offset will occur alter how the benefits shall be

paid.

Reversed.

ABRAMSON, WHITEAKER, HIXSON, and MURPHY, JJ., agree.

GLADWIN, GLOVER, VAUGHT, and BROWN, JJ., dissent.

**ROBERT J. GLADWIN, Judge, dissenting**. I disagree with the majority's decision

to reverse the Commission's interpretation of the application and priority of the attorney's-

fee statute, Ark. Code Ann. § 11-9-715 (Repl. 2012) and the benefits-reduction statute,

Ark. Code Ann. § 11-9-411. Based on our standard of review, I would affirm.

The framework for analyzing the Commission's determination is stated as follows:

> A statute is ambiguous where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id*. In interpreting an ambiguous statute and attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the matter. *Second Injury Fund v. Osborn*, 2011 Ark. 232; *Arkansas Electric Co-op Corp. v. Death & Permanent Total Disability Trust Fund*, 2012 Ark. App. 13. Additionally, we recognize that the Workers' Compensation Commission, as an administrative agency, is better equipped by specialization, insight through experience, and more

flexible procedures than are courts to determine and analyze legal issues affecting its agency. *Arkansas Electric Co-op Corp.*, *supra*. In deciding what a statute means, the interpretation of a statute by the agency charged with its execution is highly persuasive and, while not binding on this court, will not be overturned unless it is clearly wrong. *Brigman v. City of West Memphis*, 2013 Ark. App. 66; *Arkansas Electric Co-op Corp.*, *supra*.

*Lewis v. Calfrac Well Servs. Corp.*, 2015 Ark. App. 141, at 5–6, 457 S.W.3d 313, 316–17.

Oscar Gerard was awarded attorney's fees on the 7 percent impairment increase to his permanent partial disability due to wage loss caused by his compensable injury. The attorney's fee awarded was 25 percent of the indemnity benefits awarded. After AG&F had paid half of the fees pursuant to section 11-9-715, it took the position that it did not owe the other half of the fee, which should be paid by Gerard, because AG&F did not owe further compensation under the award due to Gerard's APERS benefit, which paid in excess of the workers'-compensation benefits he would receive, citing section 11-9-411.

The Commission upheld the ALJ's determination that Gerard's half of the controverted attorney's fees out of compensation payable to Gerard under section 11-9-715(a)(2)(B)(i) precedes any reduction in benefits provided for under section 11-9-411(a)(1). AG&F was then directed to pay Gerard's half of the attorney's fees out of the benefits awarded to Gerard. The ALJ reasoned that the question was whether fees were to be deducted from awarded benefits under section 11-9-715 before they were reduced under section 11-9-411 or whether the dollar-for-dollar reduction under section 11-9-411 has priority over the deduction of fees. The ALJ found that the statutes were ambiguous because of their silence regarding which statute applied first to an award of benefits in a controverted claim. After an exhaustive review of the law and legislative intent, the ALJ held that the General Assembly intended the attorney's fees awarded under section 11-9-715(a)(2)(B)(i)

to have priority over the reduction provided pursuant to section 11-9-411(a)(1). The Commission affirmed and adopted the ALJ's order. Because I do not think that the Commission was clearly wrong in its interpretation of the statutes, I would affirm.

GLOVER, VAUGHT, and BROWN, JJ., join.

*Robert H. Montgomery*, Public Employee Claims Division, for appellants.

*Mark Alan Peoples, PLC*, by: *Mark Alan Peoples*, for appellee.