KAREN R. BAKER, Associate Justice
This appeal stems from a decision from the Full Commission of the Arkansas Workers' Compensation Commission. On May 12, 2002, appellee, Oscar Gerard, suffered a compensable injury. The appellant, Arkansas Game and Fish Commission ("AG&F"), accepted the injury as compensable and paid workers'-compensation benefits and expenses as a result of his injury. Between 1999 and 2013, Gerard had three surgeries for his work-related injuries while employed by AG&F.
On February 19, 2014, Gerard's treating back surgeon declared that Gerard had attained maximum medical improvement with 16 percent impairment. Thereafter, AG&F accepted liability for the 16 percent impairment rating and a 10 percent wage loss. Subsequently, two other doctors independently evaluated Gerard, and both opined that Gerard's impairment rating was 23 percent to the body as a whole. AG&F accepted the 23 percent impairment rating.
In 2015, Gerard sought additional temporary total-disability benefits, alleging that he was entitled to either permanent and total disability benefits or alternatively wage-loss disability benefits as a result of his work-related injury. Gerard further alleged that he was entitled to permanent partial-disability benefits in excess of 10 percent due to the 7 percent increase in his impairment rating; he was entitled to additional temporary total disability benefits. Further, Gerard asserts that AG&F should not be entitled to any offset pursuant to Ark. Code Ann. § 11-9-411 (Repl. 2012).
On December 22, 2015, an administrative law judge ("ALJ") held a hearing. On February 23, 2016, the ALJ issued an opinion finding, among other things, that Gerard established that he is entitled to a 35 percent wage-loss disability award and that AG&F was allowed to take credit for the previous 10 percent wage loss paid. The ALJ further found that AG&F was entitled to the offset provided for in Ark. Code Ann. § 11-9-411 because "it appears to this examiner that Mr. Gerard's Arkansas Public Employment Retirement System ("APERS") retirement benefits rate of $2,424.67 to $2,479.79 per month would far exceed his workers' compensation benefit rates of $277.00 or $369.00 per week." The ALJ also found that Gerard's attorney was entitled to a 25 percent fee on the indemnity benefits awarded to Gerard, "one-half of which is to be paid by the claimant and one-half to be paid by the respondents in accordance with Ark. Code Ann. § 11-9-715 [.]" AG&F tendered its half of the attorneys' fees. The parties did not appeal this order.
On April 18, 2016, Gerard filed a motion to enforce payment of the attorneys' fees.
*425 Gerard asserted that his disability retirement compensation exceeded the award of additional benefits, and the offset depleted the "payable benefits" from which the attorneys' fees should be paid. Gerard argued that he effectively never received any compensation, and because Ark. Code Ann. § 11-9-715(a)(2)(B)(i) requires that Gerard's payment of attorneys' fees must come from any benefits he was awarded, AG&F must pay the remaining half of the fees. AG&F responded that it had paid one-half of the attorneys' fees to the proper entities, and pursuant to Ark. Code Ann. § 11-9-715(a)(2)(B)(i), Gerard was responsible for his half of the attorneys' fees out of his own pocket, if necessary.
The ALJ found that the "deduction of the claimant's one-half of the controverted attorneys' fees out of compensation payable to the claimant under Arkansas Code Annotated section 11-9-715(a)(2)(B)(i) precedes any reduction in benefits provided for under Arkansas Code Annotated section 11-9-411(a)(1)" and ordered AG&F to pay Gerard's one-half of the fees to Gerard's attorney out of the benefits awarded to the claimant. AG&F appealed to the Full Commission, and the Commission affirmed and adopted the ALJ's decision. AG&F appealed to the court of appeals, which reversed the Full Commission's decision. Arkansas Game & Fish Comm'n v. Gerard , 2017 Ark. App. 523, at 1-4, 530 S.W.3d 887, 888-89. On December 14, 2017, we granted Gerard's petition for review. When this court grants a petition for review, it considers the appeal as though the case originally had been filed in this court. Jones Bros., Inc. v. Whitlock , 366 Ark. 254, 257, 234 S.W.3d 864, 867 (2006).
On appeal, AG&F presents two points: (1) whether the Full Commission erred in its interpretation of Ark. Code Ann. § 11-9-715 by requiring AG&F to pay Gerard's one-half portion of the attorney's fees due from the benefits awarded; and (2) whether the Full Commission erred when it found that the General Assembly intended the attorney's fees awarded pursuant to Ark. Code Ann. § 11-9-715 to have priority over the offset provided for in Ark. Code Ann. § 11-9-411.
Standard of Review
"In appeals involving claims for workers' compensation, our court views the evidence in a light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. Hapney v. Rheem Manufacturing Co. , 341 Ark. 548, 26 S.W.3d 771 (2000) ; Burlington Indus. v. Pickett , 336 Ark. 515, 988 S.W.2d 3 (1999). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. Williams v. Prostaff Temps. , 336 Ark. 510, 988 S.W.2d 1 (1999). The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm the decision. Minnesota Mining & Mfg. v. Baker , 337 Ark. 94, 989 S.W.2d 151 (1999)." Wallace v. W. Fraser S., Inc. , 365 Ark. 68, 69-70, 225 S.W.3d 361, 363-64 (2006).
Further, in reviewing §§ 11-9-715 and 11-9-411, "we construe the statutes so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. McMickle v. Griffin , 369 Ark. 318, 254 S.W.3d 729 (2007). 'When interpreting statutes, our review is de novo, as it is for this court to decide what a constitutional and statutory provision mean.' Ark. Hotels and Ent't, Inc. v. Martin , 2012 Ark. 335, 423 S.W.3d 49. 'In considering the meaning of a statute, we consider it just as it reads, giving the words their ordinary and usually accepted meaning.'
*426 Nelson v. Timberline Int'l, Inc. , 332 Ark. 165, 176, 964 S.W.2d 357, 362 (1998). Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. Lawhon Farm Servs. v. Brown , 335 Ark. 272, 984 S.W.2d 1 (1998). Statutes relating to the same subject must be construed together and in harmony, if possible. Jester v. State , 367 Ark. 249, 239 S.W.3d 484 (2006)." Ortho-McNeil-Janssen Pharm., Inc. v. State , 2014 Ark. 124, at 10-11, 432 S.W.3d 563, 571. "However, when we construe the workers' compensation statutes we must strictly construe them. Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2012). 'The doctrine of strict construction requires this court to use the plain meaning of the language employed.' Stewart v. Ark. Glass Container , 2010 Ark. 198, at 6, 366 S.W.3d 358, 361-62." Miller v. Enders , 2013 Ark. 23, 5-6, 425 S.W.3d 723, 726-27.
Points on Appeal
With these standards in mind, we now turn to the points on appeal. Both of AG&F's points on appeal require us to interpret the statute at issue. First, Ark. Code Ann. § 11-9-101 provides, in pertinent part:
The primary purposes of the workers' compensation laws are to pay timely temporary and permanent disability benefits to all legitimately injured workers who suffer an injury or disease arising out of and in the course of their employment ... and to emphasize that the workers' compensation system in this state must be returned to a state of economic viability.
Second, Ark. Code Ann. § 11-9-715, Title 11. Labor and Industrial Relations, Chapter; Workers' Compensation, Subchapter 7-Proceedings Before Workers' Compensation Commission, section 715 "Fees for Legal Services" which provides in pertinent part:
(B)(i) [W]henever the commission finds that a claim has been controverted, in whole or in part, the commission shall direct that fees for legal services be paid to the attorney for the claimant as follows: One-half (½) by the employer or carrier in addition to compensation awarded; and one-half (½) by the injured employee or dependents of a deceased employee out of compensation payable to them.
Section 11-9-715 was first codified in 1959, and if attorney's fees were awarded, the fees were to be paid by the employer. In 1986, the law changed to require the employer to pay ½ of the attorney's fees in addition to the award and the other ½ of the attorney's fees to be paid by the injured employee out of compensation payable to the injured employee. That language at issue here-one-half (½) to be paid by the employer or carrier in addition to compensation awarded; and one-half (½) to be paid by the injured employee out of the compensation payable to them-has remained substantively the same since then.
Third, "compensation," as referenced in section 11-9-715 is defined in Ark. Code Ann. § 11-9-102 (5) as: " 'Compensation' means the money allowance payable to the employee or to his or her dependents."
Finally, section 11-9-411(a)(1)"Effect of payment by other insurers," addresses the offset of benefits payable to a claimant-including retirement benefits-and provides in pertinent part:
(a)(1) Any benefits payable to an injured worker under this chapter shall be reduced in an amount equal to, dollar-for-dollar, the amount of benefits the injured worker has previously received for the same medical services or period of disability, whether those benefits *427 were paid under a group health care service plan of whatever form or nature, a group disability policy, a group loss of income policy, a group accident, health, or accident and health policy, a self-insured employee health or welfare benefit plan, or a group hospital or medical service contract.
Section 11-9-411 was first codified in 1993. We have held that the overriding purpose of section 11-9-411 is to prevent a double recovery by a claimant for the same period of disability. See Second Injury Fund v. Osborn , 2011 Ark. 232, at 5, 2011 WL 2062277.
We now turn to our analysis of the issue before us. AG&F asserts that the Commission erred in its interpretation of section 11-9-715(a)(2)(B)(i) -contending that the plain language requires one-half of the fee be paid by AG&F and the other one-half by Gerard. Simply put, AG&F contends that despite the source of the funds, one-half of the attorney's fees are Gerard's responsibility, not AG&F's. AG&F further contends that the Commission erred in finding that Ark. Code Ann. § 11-9-715 takes priority over any reduction pursuant to Ark. Code Ann. § 11-9-411. We address these two arguments together as they necessarily go hand in hand. We disagree with AG&F and affirm the Commission.
Applying our rules of statutory construction, the plain language of Ark. Code Ann. § 11-9-715 provides that the attorney's fees awarded will be paid one-half (½) by the employer or carrier in addition to compensation awarded; and one-half (½) by the injured employee or dependents of a deceased employee out of compensation payable to them. " 'Compensation' means the money allowance payable to the employee or to his or her dependents." Ark. Code Ann. § 11-9-102 (5). Here, the amount of the attorney's fees was calculated based on Gerard's additional award of benefits-specifically, the 7 percent increase in impairment rating and 25 percent wage loss that AG&F challenged. The amount of the attorney's fees amount is undisputed-$7,790.62. Gerard's one-half is to be paid from the amount payable to him from AF & G for his compensable injury. In other words, based on the plain language of the statute, Gerard's one-half of the fee is to be derived from the sum he is paid by AG&F for his injury. Here, AG&F must provide Gerard's one-half of the fee from the compensable amount awarded because the plain language provides that Gerard's fee is to come from the compensation to him for his work-related injury. In other words, one-half of Gerard's fee to his attorney is to come from AG&F, the party that caused the litigation.
Next, with regard to which statute takes precedence, to apply the offset statute over the attorney's-fees statute would defeat the purpose of the attorney's-fees statute and the purpose of the worker's compensation code. Additionally, to read the statute as AF & G asserts would ignore the statutory language-and read the statute to say the attorney's fees awarded will be paid one-half (½) by the injured employee and ignore the entire clause which states: the attorney's fees awarded will be paid one-half (½) by the injured employee or dependents of a deceased employee out of compensation payable to them. The statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible. See Ortho-McNeil-Janssen Pharm., Inc. supra.
Accordingly, the plain language dictates that the parties here each pay one-half of the fee. For Gerard, that one-half is derived from the compensation payable to him because of his compensable injury. To hold otherwise punishes Gerard, an injured *428 employee involved in a controverted claim. This amount comes from the payable amount owed to Gerard prior to any offset. This interpretation is supported by our case law regarding Ark. Code Ann. § 11-9-715. In Cleek v. Great Southern Metals , 335 Ark. 342, 345, 981 S.W.2d 529, 530-31 (1998), we explained:
[t]his court has long recognized that making an employer liable for attorney's fees serves legitimate social purposes such as discouraging oppressive delay in recognition of liability, deterring arbitrary or capricious denial of claims, and insuring the ability of necessitous claimants to obtain adequate and competent legal representation. Aluminum Co. of America v. Henning , 260 Ark. 699, 543 S.W.2d 480 (1976). In the instant case, ... Great Southern ... never recognized liability for her injury, and if Cheek had not prevailed on the liability issue of her claim, she would have been barred from seeking any future medical expenses or disability benefits. Great Southern's undisputed controversion of Cheek's injury claim forced Cheek to try this case fully on the merits. If Cheek had not employed counsel to assist her in this matter, it is reasonable to conclude both her present and future claims for medical expenses and benefits would not have been properly presented and protected. 260 Ark. at 706-708, 543 S.W.2d at 485. If the fundamental purposes of attorney's fees statutes such as § 11-9-715 are to be achieved, it must be considered that their real object is to place the burden of litigation expenses upon the party which made it necessary. Id.
The court of appeals has applied this same reasoning in numerous cases:
Making an employer liable for attorney's fees serves legitimate social purposes such as discouraging oppressive delay in recognition of liability, deterring arbitrary or capricious denial of claims, and insuring the ability of necessitous claimants to obtain adequate and competent legal representation. Aluminum Co. of America v. Henning , 260 Ark. 699, 543 S.W.2d 480 (1976). Put another way, the fundamental purposes of attorney's fees statutes such as Ark. Code Ann. § 11-9-715 is to place the burden of litigation expenses upon the party that made it necessary. Cleek v. Great Southern Metals , 335 Ark. 342, 981 S.W.2d 529 (1998).
Osborne v. Bekaert Corp. , 97 Ark. App. 147, 154-55, 245 S.W.3d 185, 192 (2006).
Simply put, the purpose of the Workers' Compensation Act is to take care of the injured employee and pay the compensation. We reject AG&F's assertion that the offset statute takes precedence over the attorney's fees. This interpretation defeats the purpose of the workers' compensation statute and ignores the plain language of the statute. Accordingly, we affirm the decision of the Arkansas Workers' Compensation Commission.
Affirmed; Court of Appeals' opinion vacated.
Kemp, C.J., and Wood and Womack, JJ., dissent.